KLEES, Judge.
On January 25, 1983, appellant Donald Crawford; was charged with possession of pentazocine with intent to distribute in vio *519 lation of R.S. 40:967.’ He was arraigned on February 3rd and pled not guilty. On June 22nd, a twelve-member jury found him guilty as charged. On July 6, 1983, he was sentenced to serve four years at hard labor without benefit of parole, probation, or suspension of sentence. His Motion for Appeal was filed on that date.
FACTS:
At approximately 8:00 p.m. on the evening of January 12, 1983, Officers Joanos and Fascio of the N.O.P.D. narcotics division set up surveillance in the 6400 block of St. Claude Avenue. They saw the defendant, Donald Crawford, standing on the sidewalk. The officers observed a black and yellow vehicle pull up to Crawford. Crawford spoke briefly to the passenger of the vehicle and then walked about thirty feet to a tree. Crawford bent down to the tree’s base, fumbled with an object at the tree’s base, and then stood up and walked back to the vehicle. After Crawford had reached the vehicle, it drove away from the scene. Approximately ten to fifteen minutes later, the officers observed a man walk up to Crawford and converse briefly with him. Again, the officers saw Crawford walk to the tree, fumble with something at its base, pick up an object, and return to the man. They observed Crawford exchange the object for currency, which he put in his right pocket. The other man walked away from the scene. Approximately ten minutes after this, the officers observed a pick-up truck pull up to Crawford. Crawford spoke briefly with the passenger of the truck and then walked up to the tree and fumbled with something at its base. Crawford walked back to the truck, which subsequently drove from the scene.
The officers then observed the defendant begin to walk from the scene. They testified that they lost view of Crawford for about thirty or forty-five seconds. They pulled out onto St. Claude Avenue and noticed that Crawford had returned to the place where he had been standing. The officers pulled up to Crawford, ordered him to stop, and one officer frisked him. The other officer retrieved from the base of the tree a dark cloth drawstring bag which contained six tinfoil packets each holding a pink/beige pill, later found to be pentazo-cine, and a blue pill described as a “non-violation drug.” Crawford was then arrested.
The officers testified that they did not observe anyone else approach the tree. They observed only one other person in the area, a man with pock-marks on his face who appeared to be blind in one eye, but a search of him revealed no drugs or money. One officer testified that he used binoculars to observe the transactions, and although he could not clearly distinguish Crawford’s face, his clothes, build, and coloring matched those of the only man the officers had observed going to the tree. Although night had fallen, the scene of the transaction was well-lit.
The defendant, Donald Crawford, testified that on the night of his arrest he was drinking in Shirley’s Bar at the corner of St. Claude Avenue and Delery Street. He testified he left the bar sometime between 9:00 and 9:30 p.m., and ran into a man with “bumps” on his face. The man asked him a question, and then a police officer approached Crawford and ordered him to follow him. Crawford was placed under arrest and searched. Crawford denied meeting anyone on the street, putting the drugs under the tree, or even going near the tree. *520 He maintained that another man (“Butsie”) was also in the area at the time and that this man was a known drug dealer.

Errors Patent

A review of the record reveals there are no errors patent.

Assignments of Error

By his first assignment of error, the appellant contends that there was insufficient evidence to support his conviction for possession with intent to distribute pentazo-cine. Specifically, he alleges that the fact that the officers could not clearly distinguish his face and momentarily lost sight of him created enough doubt as to whether he was the man the officers had observed to render the guilty verdict against him invalid.
In its review of the sufficiency to support a defendant’s conviction, this court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Fuller, 414 So.2d 306 (La. 1982). Where the conviction is based upon circumstantial evidence, R.S. 15:438 provides that such evidence must exclude every reasonable hypothesis of innocence. State v. Camp, 446 So.2d 1207 (La.1984); State v. Wright, 445 So.2d 1198 (La.1984).
Here, the officers observed a man matching the appellant’s description, coloring, and build removing an object from the base of a tree where pentazocine was found. He was observed passing something he obtained from the tree base to one man in exchange for currency. The officers observed no one else near the tree. The officers did not get a clear look at the man’s face and momentarily lost sight of him. However, he was out of their sight for less than one minute and the appellant’s build, clothes, and coloring matched the man they saw fumbling at the base of the tree where the drugs were found. Although a search of the appellant revealed no money, the jury could well have adduced that the appellant somehow disposed of his money during the time he was out of the officers’ sight. Thus, viewing the evidence in the light most favorable to the prosecution, the jury could well have excluded the possibility that the appellant was not the man who had control of the drugs and who exchanged an object from under the tree for currency. By so doing, the jury could well have found the appellant guilty of possession with intent to distribute pentazocine beyond a reasonable doubt. State v. Sharp, 414 So.2d 752 (La.1982). This assignment is without merit.
By his second assignment of error, the appellant contends that the trial court erred by permitting the State to present evidence of other crimes in contravention of C.Cr.P. art. 770. He does not specify when this evidence was presented nor of what it consisted. The only possible reference to “another crime” to which the appellant objected appears to have occurred during the State’s closing argument with the prosecutor’s reference to the appellant “selling drugs.” Both times the defense attorney objected and requested a mistrial, which was denied by the court. Apparent- , ly, the basis of the appellant’s contention is that he was charged with possession with intent to distribute pentazocine, not with the sale of pentazocine, and as such the reference to his selling drugs was a reference to another crime.
Article 770 of the Code of Criminal Procedure mandates the granting of a mistrial upon a prosecutor’s reference to, among other things, “another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible.” However, here the instances of “selling” pentazocine were part of the res gestae of the crime charged, possession with intent to distribute pentazocine. They were references to the events which comprised the crime charged, not to totally alien events. As such, these references were not prohibited by art. 770, and the trial court did not err by refusing to grant the appellant’s motion for mistrial on *521 this issue. This assignment is without merit.
Accordingly, for the reasons expressed above, appellant's conviction and sentence are hereby AFFIRMED.
AFFIRMED.