490 So.2d 501 (1986)
STATE of Louisiana
v.
Dilton ROBINSON.
No. KA 4837.
Court of Appeal of Louisiana, Fourth Circuit.
June 5, 1986.
Rehearing Denied July 16, 1986.
*502 Louis A. Heyd, Jr., New Orleans, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., H.T. Cox, Terry M. Boudreaux, Asst. Dist. Attys., New Orleans, for appellee.
Before CIACCIO and WILLIAMS, JJ., and HUFFT, J. Pro Tem.
CIACCIO, Judge.
A jury found defendant guilty as charged of possession of cocaine. La.R.S. 40:967. The State filed a bill of information charging defendant with being a second felony offender. Defendant admitted the allegations of the multiple bill, and the court sentenced him to serve six years at hard labor.
Defendant appeals on the basis of six assignments of error. We have reviewed the record considering defendant's assignments of error and any error discoverable by an inspection of the pleadings and proceedings. La.C.Cr.P. Art. 920. We have found no errors warranting reversal of defendant's conviction. We, therefore, affirm the conviction.
Two New Orleans police officers on routine patrol observed defendant and another man standing on a street corner. As the *503 officers neared the corner the defendant walked away from the corner into the street in front of the police car. The officers saw defendant discard a white packet. They stopped their car, retrieved the packet from the ground, found that it contained what they believed to be cocaine, and arrested defendant. Searching defendant incident to his arrest, the officers found a clear plastic bag containing cocaine residue in defendant's shirt pocket.
Defendant's first five assignments of error refer to remarks made by the prosecutor during her closing argument. La.C.Cr.P. Art. 774 provides the scope of closing argument.
Art. 774. Argument; scope
The argument shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case.
The argument shall not appeal to prejudice.
The state's rebuttal shall be confined to answering the argument of the defendant.
This article provides no sanctions if counsel's argument goes beyond permissible bounds. La.C.Cr.P. Arts. 770 and 771, however, provide for remedies if counsel should engage in certain particular kinds of improper argument. See La.C.Cr.P. Art. 774, comment (c); also State v. Morris, 404 So.2d 1186 (La.1981). If the appellate court finds that the prosecutor's argument contained improper remarks, a reversal is warranted only if the court is thoroughly convinced that the jury was influenced by the remarks and that they contributed to the verdict. State v. Jarman, 445 So.2d 1184 (La.1984). Credit should be accorded to the good sense and fair-mindedness of jurors who have heard the evidence. State v. Dupre, 408 So.2d 1229 (La.1982).
When defendant objected to the prosecutor's remarks, he also moved for a mistrial. A mistrial is a drastic remedy and except in instances in which it is mandatory, is only warranted if substantial prejudice results which would deprive defendant of a fair trial. State v. Sepulvado, 367 So.2d 762 (La.1979). The determination of unnecessary prejudice lies within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. State v. Douglas, 389 So.2d 1263 (La.1980). See State v. Harper, 430 So.2d 627 (La. 1983).

Assignments of Errors Nos. 1 & 2
Defendant combines his arguments on these two assignments. He complains that two different remarks made by the prosecutor during closing argument made reference to defendant being involved in a crime other than that for which he was on trial. Defendant argues that a mistrial was mandatory under La.C.Cr.P. Art. 770(2), which provides:
Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
* * * * * *
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
Defendant complains about the following two portions of the prosecutor's argument.
It's not like ten police officers all of a sudden showed up and planted drugs on somebody. They were by themselves, routine patrol, just like they say they were, saw this man and Paul Adams out there on the street, saw what they believed to be a drug transaction...

and,
The defendant already testified that he's on probation right now for the same kind of thing, possessing drugs with the intent to distribute...

While the prosecutor's first remark is not a completely accurate recital of the testimony, the remark clearly represents the prosecutor's appreciation of the testimony *504 concerning the events surrounding defendant's arrest. These kinds of comments neither exceed the permissible scope of argument nor violate the provisions of Article 770. State v. Crawford, 458 So.2d 518 (La.App. 4th Cir.1984). Further, the comment does not necessarily refer to defendant engaging in other criminal activity. If defendant had just purchased drugs from Paul Adams, he would be guilty of no more than simple possession, the crime for which he was on trial.
The prosecutor's second remark refers to evidence which had been admitted at trial. Defendant testified concerning his prior conviction for which he was on probation at the time of this crime. The evidence, having been admitted, was a proper subject for argument and did not violate the provisions of Article 770. Any inference that might be drawn that the crime for which defendant was on trial was as serious as the crime for which he was on probation, we do not find would have influenced the jury or contributed to the verdict.

Assignment of Error # 3
Defendant complains that the prosecutor improperly commented on the "societal costs" of a not-guilty verdict. During closing argument the prosecutor made the following comment:
... If you let him out today he's just going to keep doing it. He's going to be on the street tomorrow with something else in his pocket, and eventually get caught again and it might be worse next time. It might be a drug that he can go to jail for a lot longer than...
A prosecutor should avoid remarks predicting societal costs and consequences of a not-guilty verdict. State v. Moore, 414 So.2d 340 (La.1982). If the State's evidence of guilt is such that the prosecutor's predictions are unlikely to have influenced the jury or contributed to the verdict, however, although improper the remarks will not warrant reversal. State v. Barrow, 410 So.2d 1070 (La.1982). Considering the evidence of defendant's guilt, we find the prosecutor's improper comment neither influenced the jury nor contributed to the verdict.

Assignment of Error # 4
Defendant complains about the prosecutor's allegation during argument that defendant is a drug addict and that a guilty verdict would be the best way to get him the help that he needs. The following comment is the subject of defendant's complaint.
... Ladies and gentlemen, if he needs help the only way you're going to get help for him is to find him guilty in this case. If he really has a drug problem, he's on probation, he's doing it again. Give the judge a chance to give him some help that he needs. It can be ordered for him. It can be ordered if he needs to go on some kind of a drug program...
This comment goes beyond the scope of permissible argument. In other than capital cases and cases carrying mandatory penalties, sentencing regulations form no part of the "law applicable to the case." The jury should not be tempted to take more lightly its responsibility to hold the state to its burdensome task of proving guilt beyond a reasonable doubt by remarks which suggest that the judge may act leniently toward the defendant in the sentencing stage. State v. White, 399 So.2d 172 (La.1981).
When defense counsel objected to the comments subject of this assignment and the previous assignment, No. 3, the court sustained the objection agreeing with counsel that the prosecutor was "out of line." The court, however, denied counsel's motion for a mistrial. In addition to sustaining the objection, the court also instructed the jury in his charge that the comments of counsel made during argument "are not to be considered by you as possible evidence in this case" and that it was the jury's duty to accept and apply the law as given by the Court. The trial court's instructions to the jury cured any prejudice which may have resulted from the prosecutor's improper remarks by ensuring that defendant was not prevented from receiving a fair trial. State v. White, supra.

*505 Assignment of Error # 5

Defendant complains about the prosecutor's speculation during argument concerning the defendant's motives for going to trial. Defendant objected to the following statements:
The defendant's got a lot at stake today, to get up there and tell you his side of the story. He's got his family here to do the same thing for you. The defendant already testified that he's on probation right now for the same kind of thing, possessing drugs with the intent to distribute, three years probation. I submit to you that's why he went to trial today, instead of pleading guilty like his buddy did...
... He's going to go through with this trial because he's going to try to place a bet on you people that you're going to believe his side of the story, so he gets off...
Obviously defendant needs no motive for going to trial. He is guaranteed a presumption of innocence and the right to require the state to prove to a jury his guilt beyond a reasonable doubt. To the extent that the prosecutor's comments implied that defendant should have pleaded guilty, they were improper.
We do not find, however, that the remarks influenced the jury, contributed to the verdict, or deprived defendant of a fair trial. The thrust of the prosecutor's comments was clearly to focus on the issue of credibility: if the jury believed defendant's version, he was not guilty; if the jury did not believe defendant and accepted the version of the arresting officers, the prosecutor argued that the jury should find defendant guilty.

Assignment of Error # 6
By his final assignment of error defendant argues that the trial court erred by denying his motion for a new trial. Defendant argues for a new trial on the basis of his previous five assignments of error and that the verdict was contrary to the law and the evidence.
Neither the appellate nor supervisory jurisdiction of this court may be invoked to review the granting or refusal to grant a new trial, except for error of law. La.C.Cr.P. Art. 858. Defendant has not alleged and we have not found any error of law in connection with the ruling on the motion for a new trial.
A trial court, acting as a thirteenth juror, may consider only the weight and not the sufficiency of the evidence in a motion for a new trial, and his decision to grant or deny the motion is not subject to appellate review. State v. Johnson, 463 So.2d 620 (La.App. 1st Cir.1984), remanded on other grounds, 464 So.2d 1363 (La.1984); State v. Korman, 439 So.2d 1099 (La.App. 1st Cir.1983). A denial of a motion for a new trial, urged on the ground that the verdict is contrary to the law and evidence, is reviewable only for abuse of discretion. State v. Griffon, 448 So.2d 1287 (La.1984). We find the evidence sufficient to support defendant's conviction, and therefore find no abuse of discretion.

DECREE
Accordingly, the conviction and sentence rendered by the trial court are affirmed.
AFFIRMED.