LOBRANO, Judge.
Defendant, Rudolph Keller was charged by bill of information with the August 22, 1986 aggravated burglary of the residence of Sheila Jackson, a violation of La.R.S. 14:60.
Defendant was arraigned and pled not guilty on October 16, 1986. On November 21, 1986, Harry Frisch, co-defendant of Keller was arraigned and pled not guilty.
On July 20, 1987, the trial court granted defendant’s Motion for Severance and the trial commenced. Defendant was found guilty as charged by a twelve member jury.
On July 27, 1987 defendant was sentenced to thirty (30) years at hard labor. FACTS:
On August 22, 1986, at approximately twelve o’clock noon, three men broke through the front door of Sheila Jackson’s home at 9723 Irby Street. Home at the time were Mrs. Jackson, her two children and the two children of a friend of Mrs. Jackson. The men were armed. They forced Mrs. Jackson and the children into the bedroom. Defendant threatened Mrs. Jackson by placing a gun inside her mouth. They then forced her to lie on the bed where they bound and gagged her. The trio then ransacked the home taking a bank, jewelry box and twenty-one ($21.00) dollars in cash. As the three men were exiting through the front door, Mr. Jackson drove up. He ran into the house to make sure his family was uninjured. When he discovered his wife bound and gagged, he ran after the three men. They had jumped into a pickup truck to make their escape. He followed them for a distance bumping the rear of their truck in an attempt to stop them. Eventually, they drove down a street which dead ended at a canal. Mr. Jackson struck the rear of the truck caus *379 ing it to roll down into the canal. All three men escaped from the submerged truck and scattered in different directions. Mr. Jackson was able to catch Harry Frisch and held him at gun point until the police arrived. Lt. Donald Bell, responding to the call that a vehicle had fallen into the canal, observed defendant, soaking wet, using a pay phone. After questioning defendant and noting that he smelled of canal water, Lt. Bell brought defendant to the accident scene where he was positively identified by Mr. & Mrs. Jackson, independently of each other, as one of the burglars. The stolen property and one of the pistols used in the burglary were recovered from inside the submerged truck.
Mrs. Jackson also identified defendant as one of two men who knocked on her door two days earlier to report that someone was tampering with Mr. Jackson’s truck. The two men ran away when Mr. Jackson went outside to investigate.
At trial, defendant admitted his armed entry into the Jackson home and theft of the jewelry box. He admitted tying up Mrs. Jackson, escaping in the pick up truck, being chased by Mr. Jackson and subsequently escaping from the submerged truck. He claimed, however, that he went to the Jackson home to purchase marijuana and that Mrs. Jackson was tied up to prevent her from calling the police because he and Frisch did not pay for the marijuana. No marijuana was ever recovered.
Defendant appeals his conviction and sentence asserting that the prosecutor’s comments during rebuttal argument were sufficiently impermissible and prejudicial to require reversal of his conviction. We disagree.
La.C.Cr.P. Art. 774 limits the district attorney’s argument to the evidence presented, to the lack of evidence presented, to conclusions of fact, and to the applicable law.[1]
Although Article 774 does not provide sanctions for violations of its directives, the district attorney may not appeal to prejudice in addressing the jury. In the event a defendant believes certain forms of improper argument were engaged in, his remedies lie in C.Cr.P. Art. 770, which provides for a mistrial and C.Cr.P. Art. 771 which provides for an admonition to the jury. In the instant case defendant did not request either. Nevertheless, defendant did object to the following remarks:
BY MR. WILLIAMS:
“... Now, one thing I want to tell you, and I’ve told you this before, and I can assure of this, on August 17, I invite each and everyone of you to come back in this courtroom because that’s when Harry Frish is going to get his trial. There’s no deal made. He isn’t going to walk on this. He’s going to get a separate trial and he’s going to have the. benefit of 12 people just like yourselves. And those 12 people are going to hear exactly the same evidence that you just heard against him. It’s going to be a different lawyer representing him, but he’s going to go to trial. And I have no doubt, ladies and gentlemen, that he’s going to go to • trial. And I have no doubt, ladies and gentlemen, that on August 17, Harry Frish is going to be found guilty as charged of aggravated burglary.”
BY MR. MEYER:
“Excuse me, Judge, I don’t want to interrupt his diversion, but what’s that got to do with the trial here?”
BY THE COURT:
“The objection’s sustained.”
The law is clear that if the remarks were prejudicial or improper, a reversal will be warranted only if this court is “thoroughly convinced” that the remarks influenced the jury. State v. Jarman, 445 So.2d 1184 (La.1984); State v. Robinson, 490 So.2d 501 (La.App. 4th Cir.1986).
*380 The district attorney’s references to Frisch did not occur in a vacuum but were derived from the evidence. Frisch was brought into the courtroom, identified and referred to several times during the trial as one of the co-perpetrators of the burglary. Defendant referred to Firsch throughout his testimony and claimed it was Frisch who tied up Mrs. Jackson. The instant case is not one in which the district attorney’s comments were an attempt to present additional evidence of defendant’s guilt, nor one in which the district attorney attempted to strengthen a factually weak case by appealing to prejudice. Defense counsel objected to the irrelevance of the comments and the objection was sustained.
Assuming arguendo that the remarks were improper they would constitute harmless error as the evidence of defendant’s guilt is overwhelming. U.S. v. Hasting, 461 U.S. 499, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983); State v. Bretz, 394 So.2d 245 (La.1981).
In addressing questions relating to counsel’s arguments, our Supreme Court in State v. Dupre, 408 So.2d 1229 (La.1982) stated:
“We are not unsympathetic to the fact that closing statements are made in the heat of battle.”
******
“In terms of precious judicial time spent retrying cases which (like the present case) fulfill the essential demands of fairness and justice, the reversal of a conviction after a fair trial is generally regarded as too high a price to exact for rigid and unyielding enforcement of Art. 774. Furthermore, a great deal of credit should be accorded to the good sense and fair mindedness of jurors who have heard the evidence and who know what was and what was not proven.” at p. 1234. See also, State v. Dawson, 490 So.2d 560 (La.App. 4th Cir.1986).
Thus, while we agree with defendant that the district attorney’s comments about Frisch were irrelevant to defendant’s guilt, we cannot say that they were improper or so prejudicial as to warrant reversal of defendant’s conviction.
For the foregoing reasons, defendant’s conviction and sentence are affirmed.
AFFIRMED.

. C.Cr.P. Art. 774:
"The argument shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case. The argument shall not appeal to prejudice. The state’s rebuttal shall be confined to answering the argument of the defendant.”