608 So.2d 291 (1992)
STATE of Louisiana
v.
Robert L. BELSHA.
No. Cr92-312.
Court of Appeal of Louisiana, Third Circuit.
November 4, 1992.
*292 Alvin C. Dowden, Leesville, for defendant-appellant.
William E. Tilley, Dist. Atty., Leesville, for plaintiff-appellee.
Before DOUCET and KNOLL, JJ. and MARCANTEL[*], J. Pro Tem.
DOUCET, Judge.
This is an appeal from a sentence imposed in connection with a guilty plea to two counts of simple burglary, one count of attempted simple burglary, one count of theft between $100 and $500, and one count of theft in excess of $500.
On May 2, 1991, the Vernon Parish Sheriff's Office received numerous complaints of theft in the Section Line Road and VFW Road area. An investigation revealed that unknown persons had pilfered trucks located at O'Banion's Oil Company on Hwy. 171 in Leesville. Window screens were pulled off the residence of Ima Villers across the street. They proceeded to 335 Section Line Road where a 1986 Ford truck was stolen along with fishing equipment. The motor of the vehicle later blew up, and the vehicle was abandoned on VFW Road. They walked down the road to the Ross residence and searched the glove box of a vehicle, but took nothing. They stopped at the Mitchell residence, went through several vehicles, and stole the Mitchell's 1986 Nissan truck.
The thieves drove to Rosepine and entered the Bosch residence through a window. The owner, Rosa Bosch, was at home and locked herself in the bathroom. The intruders went through Ms. Bosch's purse and stole several pieces of jewelry from the bedroom. When the intruders were alerted to the fact that Ms. Bosch was in the bathroom, they left. In an attempt to hasten their departure, they backed into a van that was parked across the street. The tail light lens of the Nissan truck was broken.
Investigators found the same shoe print at every point where an offense had taken place. On May 3, 1991, the Nissan truck was found abandoned behind the Western Lounge on Hwy 171. On May 14, 1991, investigators learned the culprits were Tommy McWilliams, II, and the defendant, Robert L. Belsha. The defendant was located and arrested the same day by the Vernon Parish Sheriff's Office. His tennis shoe matched the shoe print taken on the VFW Road by the 1986 truck.
On July 16, 1991, a bill of information was filed charging the defendant with eleven different counts. The counts are as follows: Count 1attempted burglary of an inhabited dwelling in violation of La.R.S. 14:27 and 14:62.2; Count 2simple burglary in violation of La.R.S. 14:62; Count 3 theft amounting to more than $100 but less than $500 in violation of La.R.S. 14:67; Count 4theft amounting to more than $500 in violation of La.R.S. 14:67; Count 5simple burglary in violation of La.R.S. 14:62; Count 6simple burglary in violation of La.R.S. 14:62; Count 7, simple burglary in violation of La.R.S. 14:62; Count 8burglary of an inhabited dwelling in violation of La.R.S. 14:62.2; Count 9theft amounting to more than $500.00 in violation of La.R.S. 14:67; Count 10 burglary of an inhabited dwelling in violation of La.R.S. *293 14:62.2; Count 11theft amounting to more than $500.00 in violation of La.R.S. 14:67.
On August 1, 1991, the defendant entered a plea of not guilty to the charges. Pursuant to a plea agreement on November 8, 1991, the defendant withdrew his former plea and entered a plea of guilty on Count 10 to the offense of attempted simple burglary of an inhabited dwelling and pleas of guilty to Counts 3, 4, 5, and 6 as charged. Counts 1, 2, 7, 8, 9, and 11 of the bill of information were dismissed, and there was a joint recommendation that the court consider imposing sentences in Counts 3, 4, 5, and 6 to be served concurrently with one another but to be served consecutive to the sentenced imposed in Count 10. A pre-sentence investigation and report were ordered in advance of sentencing. On January 31, 1992, the trial court sentenced the defendant to serve three years at hard labor on Counts 4, 5, and 6 to be served concurrently. The defendant was sentenced to serve one and one-half years at hard labor for Count 3 to be served concurrently with the sentences in 4, 5, and 6. Finally, the defendant was sentenced to three years at hard labor, six months to be without benefit of suspension of sentence, probation or parole on Count 10 to be served consecutively with the sentences in Counts 3, 4, 5, and 6.
The defendant argues that the sentences imposed are excessive. He states that the he was only 18 years old at the time of the crimes, is a first felony offender, and was highly intoxicated when committing the crimes. He further states that the judge did not adequately consider the guidelines as required by La.C.Cr.P. art. 894.1. Finally, the defendant argues that while it may be considered that the trial judge articulated the basis for the sentence imposed as required by the Code of Criminal Procedure, there have been other cases in the Thirtieth Judicial District involving similar offenses where the defendants in those cases were placed on probation and/or received a lesser sentence.
In regard to defendant's assignment of error, La.C.Cr.P. art. 881.1 provides in full:
A. (1) Within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.
(2) The motion shall be oral at the time of sentencing or in writing thereafter and shall set forth the specific grounds on which the motion is based.
B. If a motion is made or filed under Paragraph A of this Article, the trial court may resentence the defendant despite the pendency of an appeal or the commencement of execution of the sentence.
C. The trial court may deny a motion to reconsider sentence without a contradictory hearing.
D. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review. (Emphasis added).
No motion to reconsider defendant's sentence was filed. Thus, this failure to file a motion to reconsider will preclude the defendant from raising the claim of excessiveness on appeal, if it was in effect at the time of sentencing.
La.C.Cr.P. art. 881.1 was added by Acts 1991, No. 38, § 1. The legislation states this article became effective on January 1, 1992, or thirty days after the effective date of the sentencing guidelines promulgated by the Louisiana Sentencing Commission, whichever is later. The Louisiana Sentencing Commission adopted an emergency rule, published in Vol. 17, No. 12 of the Louisiana Register on December 20, 1991 (attached), stating:
As currently promulgated, the sentencing guidelines will take effect on January 20, 1992 with the publication of the Louisiana Register on that date. Thus, in order to have the guidelines and implementing legislation take effect on January *294 1, 1992, the emergency rulemaking is necessary. Therefore, the Louisiana Sentencing Commission has adopted an emergency rule that the guidelines shall take effect on January 1, 1992 and shall remain in effect until final rules are published in the January 20, 1992 issue of the Louisiana Register.
Accordingly, the sentencing guidelines became effective on January 1, 1992. As a result, La.C.Cr.P. art. 881.1 became effective January 31, 1992, thirty days after the effective date of the sentencing guidelines, according to § 3 of Acts 1991, No. 38. In the instant case, article 881.1 is applicable as the defendant was sentenced on January 31, 1992, the effective date of the article. Therefore, the defendant's appeal is dismissed.
APPEAL DISMISSED.
NOTES
[*] Honorable Bernard N. Marcantel participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.