609 So.2d 1019 (1992)
STATE of Louisiana, Appellee,
v.
Ray JETER, Appellant.
No. 24333-KA.
Court of Appeal of Louisiana, Second Circuit.
December 2, 1992.
*1021 Ross E. Shacklette, Bossier City, for appellant.
Richard P. Ieyoub, Atty. Gen., Baton Rouge, James M. Bullers, Dist. Atty., Robert Randall Smith, Jr., Asst. Dist. Atty., Benton, for appellee.
Before SEXTON, VICTORY and STEWART, JJ.
STEWART, Judge.
Defendant, Ray Jeter, was charged by bill of information with simple burglary, in violation of LSA-R.S. 14:62. Following a jury trial, Jeter was convicted as charged and subsequently sentenced to six years at hard labor, to run concurrently with any other sentence.
Jeter appeals his conviction asserting that the trial court erred in (1) finding him guilty beyond a reasonable doubt; (2) qualifying Detective Ray as a shoe print identification expert; and (3) denying his motion for a mistrial. We affirm the conviction.

FACTS
On September 6, 1990, a burglary occurred at the building housing the Bolinger Company in Bossier City, Louisiana. Patrick Spell, a shareholder and operator of Bolinger Company, discovered the burglary. The building was ransacked and several items were stolen including a chain saw, a roll of stamps, a lawn mower, and a truck with a riding lawn tractor on the back of it. Spell called the police and Bossier City Police Officer Hamm was dispatched to the burglary scene.
Detective William Ray of the Bossier Police Department, an expert in fingerprint identification, was brought in to gather evidence at the crime scene. Detective Ray found a fingerprint on a Coke can, latent prints on various other items in the building and shoe prints in the dirt where the stolen truck was parked. Jeter was implicated in the burglary by the fingerprints found on the Coke can and the shoe prints found at the crime scene. Jeter was subsequently arrested and charged with simple burglary. He was tried by a jury and convicted as charged. Jeter was sentenced to six years at hard labor. This appeal ensued.

DISCUSSION

Assignment of Error No. 1:
Jeter contends the jury erred in finding him guilty beyond a reasonable doubt. The essence of Jeter's contention is the evidence was insufficient to support the conviction.
The proper standard of appellate review for a sufficiency of evidence claim is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
This court's authority to review questions of fact in a criminal case is limited to the sufficiency of evidence evaluation, under Jackson v. Virginia, supra, and does not extend to credibility determinations made by the trier of fact. LSA-Const. Art. 5 § 10(B); State v. Williams, 448 So.2d 753 (La.App.2d Cir.1984). A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Rogers, 494 So.2d 1251 (La.App.2d Cir.1986), writ denied, 499 So.2d 83 (La. 1987).
In the instant case, the evidence viewed in the light most favorable to the prosecution shows that Jeter was involved in the burglary on September 6, 1990. Detective Ray testified that fingerprints on the Coke can and shoe prints found at the crime scene were those of Jeter's.
Pat Spell testified that he did not authorize Jeter to enter the building which was burglarized. Further, Andrew Stevenson, co-defendant, admitted at trial that he and Jeter committed the burglary. Laura Allen, alibi witness for Jeter, testified that on the night of the burglary, Jeter was with her from about 7:00 p.m. until 10:00 or 10:30 p.m. Allen testified that Jeter left *1022 and she did not see him again that night. She further stated that Jeter had left the house on Wednesday morning and she did not see him again until Thursday evening around 7:00 p.m. She stated that she did not know where Jeter had been or what he had been doing.
Viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the state proved beyond a reasonable doubt that Jeter was guilty of committing the burglary of which he was charged.
The weight and credibility to be given to conflicting testimony of witnesses was squarely within the province of the jury. We do not second guess the jury's credibility evaluation beyond the sufficiency of evidence standard of review of Jackson v. Virginia, supra. The evidence in the record satisfies the sufficiency standard in Jackson, supra therefore, the trial court did not err in finding Jeter guilty beyond a reasonable doubt. This assignment is without merit.

Assignment of Error No. 2:
In Jeter's second assignment of error, he contends the trial court erred in qualifying Detective William Ray as an expert in footprint identification. At the trial, Detective Ray testified that the shoe prints found near the burglarized structure matched the tennis shoes worn by Jeter at the crime scene.
Competence of an expert is a question of fact to be determined within the sound discretion of the trial judge and his rulings on the qualifications of experts will not be disturbed in the absence of manifest error, that is, unless they are clearly wrong. State v. Sherer, 411 So.2d 1050, 1054 (La.1982), on appeal after remand, 437 So.2d 276 (La.1983); State v. Trosclair, 443 So.2d 1098, 1105 (La.1983), cert dismissed, 468 U.S. 1205, 104 S.Ct. 3593, 82 L.Ed.2d 889 (1984); State v. Honeyman, 565 So.2d 961 (La.App.2d Cir.1990).
The test of the competency of an expert is his knowledge of the subject about which he is called upon to express an opinion. State v. Honeyman, supra, and cases cited therein.
A combination of specialized training, work experience, and practical application of the expert's knowledge can combine to demonstrate that a person is an expert. State v. Honeyman, supra; State v. Smith, 448 So.2d 778 (La.App.2d Cir.1984).
If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise. LSA-C.E. Art. 702.
In a criminal case, every expert witness must state the facts upon which his opinion is based, provided, however, that with respect to evidence which would otherwise be inadmissible such basis shall only be elicited on cross-examination. LSA-C.E. Art. 705(B).
Before any witness can testify as an expert, his or her competence must be established to the satisfaction of the court. State v. Trosclair, supra; State v. Watson, 449 So.2d 1321, 1331 (La.1984), cert. denied, 469 U.S. 1181, 105 S.Ct. 939, 83 L.Ed.2d 952 (1985).
In the instant case Detective Ray was accepted by all parties as an expert in fingerprint identification, but Jeter objected to the trial court's acceptance of Detective Ray as an expert in footprint identification. Detective Ray stated that it was his opinion Jeter's shoes matched the shoe prints found at the scene of the crime. In giving this opinion, Detective Ray stated the facts upon which his opinion was based.
In giving his qualifications, Detective Ray testified that he has worked for the Bossier City Police Department for seven years in crime scene detection, which includes processing the crime scene, lifting fingerprints, collecting evidence, taking photographs, and other types of analysis such as shoe prints. He did not state how often he had been called upon to compare *1023 shoes to prints, but did state that it was part of crime scene evaluation.
Detective Ray stated that he was unaware of the existence of any formal certification in this field and that although he had testified as a fingerprint expert about a dozen times, he had never been qualified by a court as an expert in shoe print identification.
On cross-examination, Detective Ray conceded that he had no formal training in shoe print identification but explained that he had trained himself, read several articles on the subject and has kept abreast of developments in the field of identification analysis through supplemental bulletins.
Based on our review of the record, we do not find the trial court abused its much discretion in qualifying Detective Ray to be an expert in shoe print identification.
Moreover, Detective Ray did not need to be qualified as a footprint expert in order to testify concerning whether Jeter's shoes appeared to match the shoe prints at the scene of the crime. Detective Ray's opinion could have been properly submitted as that of a lay witness.
In State v. McGuire, 560 So.2d 545 (La. App. 1st Cir.1990), writ denied, 565 So.2d 941 (La.1990), defendant argued the trial court erred by allowing a sheriff to give opinion testimony over defendant's objection, that the shoe prints found near the burglarized home matched perfectly with the shoes defendant was wearing at the scene of the crime. The sheriff had not been qualified as an expert witness. In affirming the conviction, the court held that a lay witness may testify as to such an inference provided he also states the observed facts, and found that the witness had provided an adequate factual basis for his inference that defendant's tennis shoe matched the shoe prints found in the burglarized home.
In the instant case, Detective Ray testified the sole of Jeter's shoes were worn and broken. Detective Ray stated he used the size of the shoe worn by Jeter and the basic overall pattern of the shoe and compared them to the photographs and measurement of the shoe prints taken at the scene of the crime to reach his conclusion.
Based on our review of the record, we find that Detective Ray's observation provided an adequate factual basis for his inference that Jeter's tennis shoe matched the shoe prints found at the crime scene. Accordingly, this assignment is without merit.

Assignment of Error No. 3:
In Jeter's third assignment of error, he contends that the trial court erred in denying his motion for a mistrial due to improper and prejudicial closing arguments by the district attorney.
The prosecutor in closing argument made the following statement:
What we had against Andrew Stevenson was his shoe prints. And that was primarywe had no fingerprints on Andrew Stevenson. And we had nouh recovery of merchandise from him. So thatand then when he entered his guilty plea, thatthe evidence that we had against him just kind of supported uhhis guilty plea supported the evidence we had against him. It was a weaker case against Andrew Stevenson
Defense counsel objected at this point urging that the prosecutor's references to the motives of a co-defendant were unduly prejudicial to Jeter and that such references warranted a mistrial. The prosecutor conceded that he was straying into a risky line of argument but asked that the trial court admonish the jury concerning his statement. The court denied the motion for mistrial but then told the jury to disregard the statements of the prosecutor in regard to Mr. Stevenson.
Jeter contends that this admonishment was not sufficient and that his motion for mistrial should have been granted. We disagree.
LSA-C.Cr.P. Art. 771 provides in pertinent part as follows:
In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a *1024 nature that it might create prejudice against the defendant, or the state, in the mind of the jury:
(1) When the remark or comment is made by the judge, the district attorney, or a court official, and the remark is not within the scope of Article 770; ...
In such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial.
A mistrial is a drastic remedy. Except in instances where mandatory, a mistrial is warranted only when substantial prejudice results to the accused, depriving him of a reasonable expectation of a fair trial. State v. Narcisse, 426 So.2d 118 (La.1983), cert. denied, 464 U.S. 865, 104 S.Ct. 202, 78 L.Ed.2d 176 (1983); State v. Whitley, 296 So.2d 820 (La.1974). (See LSA-C.Cr.P. Art. 770 for mandatory grounds for mistrial.) The determination of whether prejudice has resulted lies within the sound discretion of the trial judge. State v. McLeland, 456 So.2d 633 (La. App.2d Cir.1984), writ denied, 461 So.2d 312 (La.1984).
The trial judge is granted the discretion to determine whether a fair trial is impossible, or whether an admonition is adequate to assure a fair trial when prejudicial conduct does not fit the mandatory mistrial provisions of LSA-C.Cr.P. Art. 770. The ruling will not be disturbed absent an abuse of discretion. State v. Narcisse, supra.
In State v. Robinson, 490 So.2d 501 (La.App. 4th Cir.1986), writ denied, 495 So.2d 303 (La.1986), the prosecution made remarks similar to those in the instant case. Our brethren on the Fourth Circuit held that to the extent the prosecutor's comments implied that defendant should have pleaded guilty, they were improper. However, the court in Robinson, supra did not find that the remarks influenced the jury, contributed to the verdict, or deprived defendant of a fair trial but rather focused on the defendant's credibility, and affirmed the conviction.
The prosecutor in Robinson supra also made an improper statement to the jury implying that the defendant needed help for his drug addiction and a guilty verdict would be the best way to get him the help he needs. The trial court found these remarks out of line but denied defendant's motion for mistrial. Instead, the court admonished the jury to disregard the prosecutor's remarks. The appellate court found this admonishment cured any prejudice and defendant was therefore not prevented from receiving a fair trial. Robinson, supra.
In the instant case, as in Robinson, any prejudice caused by the prosecutor's remarks were cured by the trial court's admonition to the jury and the trial court did not abuse its discretion in finding that the extreme remedy of mistrial was not warranted. This assignment is without merit.

ERROR PATENT
Jeter requests a review of the record for error patent. We have examined the record for error patent as mandated by LSA-C.Cr.P. Art. 920(2) and found none.

CONCLUSION
For the above and foregoing reasons, Jeter's conviction for simply burglary is affirmed.
AFFIRMED.