614 So.2d 242 (1993)
STATE of Louisiana, Plaintiffs-Appellees,
v.
Alvin WASHINGTON, Defendant-Appellant.
No. CR92-556.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1993.
*243 George Higgins, Pineville, for defendant-appellant.
Michael Shannon, Asst. Dist. Atty., Alexandria, for plaintiff-appellee.
Before LABORDE, THIBODEAUX and WOODARD, JJ.
WOODARD, Judge.
The defendant, Alvin Washington, Jr., was charged by bill of information with two counts of aggravated battery in violation of La.R.S. 14:34. On November 19 and 20, 1991, the defendant was tried by a jury of six and unanimously found guilty on both counts. On March 6, 1992, the defendant filed a motion for a new trial in open court which was denied by the trial judge. On the same day the trial judge sentenced the defendant to five (5) years imprisonment at hard labor on each count to run concurrently.

FACTS
On July 8, 1990, at approximately 1:00 a.m., Xavier Harrison and Earl Josiah, who are stepbrothers, were standing outside on the lawn of their uncle's house on Thirteenth Street in Alexandria, Louisiana. The house is located near a night club called Socrates which is on the corner of Thirteenth Street and Washington Street. Henry Bruins approached the two men carrying two beers. Bruins gave a beer to Xavier Harrison and subsequently had an argument with Earl Josiah. The argument lasted about ten minutes and Harrison stepped in to break it up when he realized the confrontation could escalate to more than an oral argument. Bruins walked away towards the club. Approximately five minutes later, Harrison and Josiah were standing facing the house when they noticed Bruins and the defendant walking quickly towards them. As they turned to face Bruins and the defendant, the defendant pulled a gun and fired several times. Both Harrison and Josiah were wounded and were later treated at a hospital. After Josiah was released from the hospital Harrison went to the police station and identified the defendant as his attacker and picked his photograph from a photo lineup.

ERROR PATENT
After a review of the record, we find there is an error patent as the defendant was sentenced on March 6, 1992, the same day the trial court denied his motion for a new trial. La.C.Cr.P. art. 873 requires a minimum of twenty-four hours between the denial of a motion for a new trial and sentencing. The record does not reflect an express waiver of this delay by defendant as required by article 873.
This statutorily mandated delay was also at issue in State v. White, 404 So.2d 1202 (La.1981), in which the Court stated:
Although C.Cr.P. Art. 873 unequivocally requires the trial court to delay imposition of sentence for a period of at least 24 hours after denial of post-trial motions, there has been no objection raised regarding the sentence imposed in this case and no showing or suggestion that defendant was prejudiced by the failure to observe the delay. Judicial efficiency therefore dictates that this court need not follow the useless formality of remanding for reimposition of a sentence which has not been challenged. See State v. Haarala, 398 So.2d 1093 (La. 1981).
A remand would only serve to lengthen unnecessarily the already substantial delays involved in this case and would in no way further the goal of achieving a fair and just decision on either verdict or sentence. It is illogical for this court to remand for the reimposition of sentence merely because there is an "error" in the minutes' lack of an affirmative waiver of the 24-hour delay. Just as non-prejudicial violations of the accused's statutory rights do not mandate reversal, an error in procedure which does not affect the fundamental fairness of the process does not necessarily require reversal and remand, unless prejudice is shown. C.Cr.P. Art. 921. In fact, C.Cr.P. Art. 921 mandates that this court not reverse a judgment because of an "error, defect, irregularity or variance which does not affect substantial rights of the accused".
*244 The defendant in the case sub judice as in White, supra, did not raise this deficiency as an assignment. Although defendant has raised the issue of excessive sentencing, as will be discussed more thoroughly under Assignments 2, 3 and 4, we find that defendant fails to show that he was prejudiced by the failure to observe the delay, especially since his sentence was only a small fraction of what it could have been.
Therefore, we hold that the error patent was harmless error.

ASSIGNMENT OF ERROR NO. 1:
By this assignment of error, the defendant contends that the trial court erred in denying his motion for a new trial in that the verdict of guilty was contrary to the law and evidence. In arguing that the evidence presented at trial does not constitutionally sustain a verdict of guilty for the crime of aggravated battery, the defendant points out minor inconsistencies in the testimony adduced at trial and states that it is "troubling" that Mr. Rubin did not come forth until the day before trial and "even more troubling" that Mr. Rubin came forward and testified on behalf of his second cousins (the victims).
La.C.Cr.P. art. 851 provides in pertinent part:
The motion for a new trial is based on the supposition that injustice has been done the defendant, and unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded.
The court, on motion of the defendant, shall grant a new trial whenever:
(1) The verdict is contrary to the law and the evidence;
In State v. Landry, 524 So.2d 1261 (La. App. 3 Cir.1988), writ granted in part, writ denied in part, 531 So.2d 254 (La.1988), appeal after remand, 546 So.2d 1231 (La. 1989), this court held that a trial judge, in reviewing the merits of a motion for a new trial must review the weight of the evidence, and make a factual determination as a thirteenth juror. This court further stated that, except for an error of law, an appellate court may not review the granting or denial of a new trial under La. C.Cr.P. art. 858 citing State v. Robinson, 490 So.2d 501 (La.App. 4 Cir.1986), writ denied, 495 So.2d 303 (La.1986). In so holding, this court reasoned that the trial judge's statement indicating that he agreed with the jury's interpretation of the evidence showed compliance with the "thirteenth juror" standard of reweighing the evidence, as outlined in Tibbs v. Florida, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). As a result this court found there was no error of law.
In the instant case, however, the trial judge did not specifically mention what standard he used in determining the merits of the defendant's motion for new trial. Thus, as the trial judge did not indicate otherwise, we will assume for the purposes of this review that the trial judge properly applied the "thirteenth juror" standard in making his determination on the merits of the motion for new trial.
This court implied in Landry that, except for an error of law, an appellate court may not review the granting or denial of a new trial citing La.C.Cr.P. art. 858 and Robinson. However, Robinson clearly states a denial of a motion for a new trial, urged on the ground that the verdict is contrary to the law and evidence, is reviewable only for abuse of discretion. Robinson at 505. Thus, we will review the alleged "inconsistent and troublesome" testimony to determine if the trial judge abused his discretion.
At the trial, Mr. Josiah and Mr. Harrison both testified. Mr. Josiah could not identify the person who shot him, but was unequivocal in his testimony that Mr. Bruins approached for the second time with another man and he saw a gun shoot. However, Mr. Josiah did not see who shot the gun. Mr. Harrison, who had known the defendant for a period in excess of six months, had no doubt whatsoever as to the identity of the shooter, and testified that the defendant shot him. Mr. John Rubin, an eyewitness to the shooting, also identified the defendant as the shooter.
*245 The defense in this trial was misidentification. The defendant testified in his own behalf and presented the testimony of Henry Bruins who was with him on the night in question. The defendant admitted his presence at the scene and that he was with Mr. Bruins, but he denied having shot anyone.
The defendant argues the evidence introduced by the state does not constitutionally sustain the verdict of guilty for the crime of aggravated battery. We agree with the argument set forth by the state in that none of the defendant's arguments, singularly or collectively, cast any doubt whatsoever on the rationality of the jury's verdict in this case.
First, the defendant asserts that the state's witnesses had all been drinking, and one of the victims was "legally intoxicated." The record shows that Mr. John Rubin testified that although the people he was with prior to the shooting "had drank a six-pack of beer," he had not. Mr. Rubin stated that he did not drink. The two victims in this case had been drinking prior to the shooting, but there is no evidence that Mr. Harrison was legally intoxicated as argued by the defendant. The record indicates that Harrison, Josiah and others were frying fish, drinking beer and watching wrestling on pay-per-view television. All of the people who were drinking had only shared a six-pack or two of beer because they did not have much money due to the cost of the wrestling program. The record further reflects that the time period over which one or two six-packs were consumed was in excess of four hours.
The defendant also argues there are some discrepancies in the testimony of the state's witnesses as to the number of shots fired and the number of people present at the time of the shooting. Mr. Rubin testified that he only heard two shots. Mr. Josiah testified that he was not sure how many shots were fired, "two or threefour maybe." Mr. Harrison testified that the defendant shot maybe three, four or five shots. He stated that he was not sure exactly how many shots but stated he knew it was more than two. We feel these are not "serious discrepancies" as urged by the defendant. In agreement with the state, we find there are minor inconsistencies, which are totally understandable in light of the frightening nature of the incident.
In regard to the inconsistencies referred to by the defendant in regard to the size of the crowd, the record shows that Mr. Harrison simply testified that there was not a crowd of people around them in the area near their yard and front porch. We feel that Mr. Rubin's description of a large crowd in the streets was not inconsistent with Mr. Harrison's statement as he was referring to the people in front of the night club.
Finally, the defendant argues it is troubling that Mr. Rubin did not come forward until the day before trial and even more troubling that he testified on behalf of his second cousins, the victims. The defendant argues that Mr. Rubin is the only witness that corroborates Mr. Harrison's testimony and was contacted by Mr. Harrison himself. The record indicates that Mr. Harrison's testimony was also corroborated by Mr. Josiah and that Mr. Harrison contacted Mr. Rubin on behalf of the state requesting that he come talk to an investigator at the district attorney's office. The defendant also argues that on cross-examination Mr. Rubin testified that he saw the gun when on direct he testified that he did not see anything in the defendant's hands but ran after he heard the shots. We find that the excerpts of the testimony of Mr. Rubin chosen by the defendant do not represent the entire testimony as a review of the record indicates that Mr. Rubin testified on direct that he saw the defendant pull his pistol and then he heard the shots and ran. On direct Mr. Rubin further testified there was no doubt in his mind who did the shooting.
For the foregoing reasons, we find the trial judge did not abuse his discretion in denying the defendant's motion for a new trial.

ASSIGNMENTS OF ERROR NOS. 2, 3 AND 4:
By these assignments of error, the defendant contends there are several errors *246 dealing with the sentence. First, he argues that the trial court erred in failing to adhere to the sentencing guidelines assessed by the La.C.Cr.P. art. 894.1. Second, he argues the trial court erred in considering improper and inadmissible evidence at the sentencing of the defendant. Finally, defendant argues that the trial court erred in that he sentenced the defendant to a constitutionally excessive sentence. Initially the state argued the merits of these assignments of error, but subsequently filed a supplemental brief stating the same argument set forth below.
In regard to the defendant's assignments of error, La.C.Cr.P. art. 881.1 provides in full:
A. (1) Within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.
(2) The motion shall be oral at the time of sentencing or in writing thereafter and shall set forth the specific grounds on which the motion is based.
B. If a motion is made or filed under Paragraph A of this Article, the trial court may resentence the defendant despite the pendency of an appeal or the commencement of execution of the sentence.
C. The trial court may deny a motion to reconsider sentence without a contradictory hearing.
D. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review. (emphasis added).
After a review of the record, we find no motion to reconsider was filed. The defense counsel made an oral motion for appeal which was granted by the judge in open court at sentencing. Therefore, we find the defendant's failure to file a motion to reconsider sentence should preclude the defendant from raising these objections to the sentence on appeal. State v. Belsha, 608 So.2d 291 (La.App. 3 Cir.1992); State v. Gachot, 609 So.2d 269 (La.App. 3 Cir.1992).
For the foregoing reasons, we affirm the trial court's judgment.
AFFIRM.