524 So.2d 1261 (1988)
STATE of Louisiana
v.
Edward J. LANDRY, Jr.
No. CR87-195.
Court of Appeal of Louisiana, Third Circuit.
March 2, 1988.
*1263 Stewart M. Thomas, Thomas & Cassidy, Jennings, for defendant-appellant.
Wendell Miller, Dist. Atty., Jennings, for plaintiff-appellee.
Before DOMENGEAUX and LaBORDE, JJ., and CULPEPPER[*], J. Pro Tem.
DOMENGEAUX, Judge.
On November 13, 1986, defendant Edward J. Landry, Jr. was convicted of illegal possession of stolen things, a violation of La.R.S. 14:69. Defendant motioned for, but was denied a new trial and was sentenced as a second felony offender to serve six (6) months in the parish jail. Defendant's trial counsel appealed defendant's conviction based on twelve (12) assignments of error. Defendant's appellate counsel has abandoned assignments of error No. 4, 5 and 12, leaving us with assignments No. 1 through 3 and 6 through 11 for review.

FACTS
On December 4, 1984, in Jennings, Louisiana, pursuant to an informant's tip, Louisiana State Trooper Harliss Holland inspected the business premises of Edward J. Landry in search of an allegedly stolen forklift. Officer Holland found two forklifts on defendant's business premises, one of which had altered serial numbers. A subsequent investigation revealed that the forklift with the altered serial numbers was owned by Lafferty Equipment Company and had been one of ten forklifts leased by Lafferty to Pernie Bailey Drilling Company in 1981. Pernie Bailey used this forklift on a drilling rig until 1983, at which time the entire rig was dismantled and stored with Oilfield Heavy Haulers Truck Line. The forklift had never been officially reported to the police as stolen although Oilfield Heavy Haulers had notified Lafferty Equipment that the machine was missing.
Defendant, Edward J. Landry was in the business of buying and selling oilfield equipment. He obtained the forklift in question from his friend, Mr. Jessie Schexnaider. Mr. Landry gave Mr. Schexnaider a "trike" (a vehicle composed of a Harley Davidson motorcycle front end and a Volkswagen auto rear end) plus $500.00 in exchange for the forklift. Coincidentally, Mr. Schexnaider had periodically worked for Oilfield Heavy Haulers from 1981 until 1985. Mr. Schexnaider testified that he obtained the forklift through a used car trade with Mr. J.C. Cabral, now deceased, a local area junk yard dealer. Both Mr. Landry and Mr. Schexnaider described the condition of the forklift when Mr. Landry obtained it as severely smoke damaged and in need of new upholstery and several new mechanical parts. The defendant claimed to have repainted the machine and replaced the necessary parts.
Mr. Lafferty, the President of Lafferty Equipment Company and the owner of the forklift testified that the forklift retailed at $21,000.00 new and, in its present condition was worth from $12,000.00 to $15,000.00. Mr. Phillip Bauer, the operations manager at Lafferty Equipment inspected the forklift after Mr. Landry possessed it. He stated that most of the items that Mr. Landry claimed to have replaced were the original parts and that the forklift showed no signs of smoke damage.
Although Heavy Haulers had informed Mr. Lafferty that the forklift was missing, Mr. Lafferty had never reported the machine as stolen in order to avoid accusing a client of a crime. Additionally, as Pernie Bailey continued to pay the rental on the machine and as the rental contract made *1264 Pernie Bailey liable for the machine during the rental time period, he felt he was not the proper party responsible for reporting the loss.
An acquaintance of the defendant, David Stoute testified that the defendant had told him of the terrific bargain he had gotten on the forklift and that the reason why Mr. Schexnaider sold the machine for such a low price was because the forklift was stolen in Oklahoma.
A jury found the defendant guilty of possession of stolen things. After the verdict was announced, the defendant motioned for and was denied a new trial. The defendant was sentenced to serve six months in the parish jail.

ASSIGNMENT OF ERROR NUMBER 1
The defendant argues that the Trial Judge erred in denying his motion for a new trial based on two grounds. Initially, the defendant argues that the Trial Judge used an improper standard to determine whether the defendant was entitled to a new trial. The defendant motioned for a new trial based on paragraphs (1) and (5) of La.C.Cr.P. art. 851 which states:
The motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded.
The court, on motion of the defendant, shall grant a new trial whenever:
(1) The verdict is contrary to the law and the evidence;
. . . . .
(5) The court is of the opinion that the ends of justice would be served by the granting of a new trial, although the defendant may not be entitled to a new trial as a matter of strict legal right.
Defendant argues that he was entitled to a new trial under paragraphs (1) or (5) because the State presented insufficient evidence to support the jury's verdict of guilty. In denying the defendant's motion, the Trial Judge briefly stated his reasons:
This Court heard the entirety of the evidence and feels that there was evidence sufficient for the jury to find the verdict of guilty that was returned by the jury. The motion for a new trial will be denied.
The defendant argues that when a motion for a new trial is based on paragraph (1) of this article, the Trial Judge is required to determine the merits of the motion under the "thirteenth juror" standard of reweighing the evidence, as outlined in Tibbs v. Florida, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). Defendant argues that the Trial Judge erred by using the "sufficiency of the evidence" standard as outlined in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Defendant asks this Court to remand this case in order to allow the Trial Judge to determine whether the defendant is entitled to a new trial under the proper standard of review.
Before addressing the merits of the defendant's argument, we find it necessary to clarify exactly what procedural methods are available to a defendant who wishes to challenge the sufficiency of the evidence.
Prior to 1975, La.C.Cr.P. art. 778 allowed a defendant to move for a directed verdict of acquittal when being tried by a jury. This procedural device enabled the Trial Judge to prevent a case from being submitted to a jury when the State failed to present legally sufficient evidence. In 1975, the Legislature amended article 778 and no longer allowed a defendant in a jury trial to utilize this procedural device. Subsequently, the Louisiana Supreme Court recognized an alternative method by which a defendant could raise the issue of legal sufficiency of the evidence through a motion for a new trial, La.C.Cr.P. art. 851(1). See State v. Winzer, 354 So.2d 533 (La. 1978); State v. Williams, 354 So.2d 152 (La.1977); State v. Blackstone, 347 So.2d 193 (La.1977).
However, the correctness of using the motion for a new trial as a procedural device to assert the insufficiency of the evidence was put into doubt by the ruling in Hudson v. Louisiana, 450 U.S. 40, 101 *1265 S.Ct. 970, 67 L.Ed.2d 30 (1981). In Hudson, the United States Supreme Court ruled that it was a violation of the Double Jeopardy Clause to retry a defendant where it had been found that the State had presented legally insufficient evidence to support a jury's verdict of guilty. Hence, the State was precluded from retrying a defendant and an acquittal was mandatory when it was found that the State had presented insufficient evidence.
In response to Hudson, and in order to create a constitutionally valid procedural device whereby a defendant in a jury trial may assert before the Trial Judge the issue of insufficient evidence, the Louisiana Legislature enacted La.C.Cr.P. art. 821, Motion for Post Verdict Judgment of Acquittal. Pursuant to article 821, a finding by the Trial Judge of insufficient evidence warrants an acquittal. Evidence is insufficient if, viewed in a light most favorable to the State, a rational trier of fact could not have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, supra.
However, although it would seem that the proper procedural vehicle for a defendant to assert the insufficiency of the evidence is a motion for post verdict judgment of acquittal, the Louisiana Supreme Court has continued to recognize the motion for a new trial as a proper vehicle to assert this issue. See State v. Allen, 440 So.2d 1330 (La.1983). Furthermore, when a defendant motions for a new trial based on the insufficiency of the State's evidence, trial courts have become uncertain as to what is the applicable standard to make such a determination.
In Tibbs v. Florida, supra, the United States Supreme Court definitively stated that a state is not precluded from retrying a defendant under the Double Jeopardy Clause when the Trial Judge sets aside a verdict based on his determination that, as a thirteenth juror, he has reweighed the evidence and disagrees with the jury's resolution of the evidence. The Court outlined a critical legal distinction between a Trial Judge reweighing the evidence as a thirteenth juror and setting aside the verdict based on his disagreement with the jury's resolution of the evidence, and the situation whereby the Trial Judge determines that the evidence was legally insufficient to support a conviction. In the first instance, the State may retry the defendant. Tibbs, supra. In the second instance, the Double Jeopardy Clause precludes the defendant's retrial and such a finding mandates an acquittal. Hudson, supra. Hence, the thirteenth juror standard, whereby a Trial Judge is required to reweigh the evidence, has been held to be the proper standard the Trial Judge should use to determine whether a defendant is entitled to a new trial. State v. Korman, 439 So.2d 1099 (La.App. 1st Cir.1983); See also Justice Lemmon's concurrence in State v. Allen, 440 So.2d at 1335.
In State v. Chapman, 438 So.2d 1319 (La.App. 3rd Cir.1983), this Court, in dicta, stated that the insufficient evidence standard elucidated in Jackson v. Virginia, supra, was the proper standard a Trial Judge should use to determine whether a defendant is entitled to a new trial when the defendant has based his motion on a challenge of insufficient evidence. This Court further stated that a motion for a new trial based on other grounds enumerated in article 851 should be determined under the "thirteenth juror standard" as outlined in Tibbs v. Florida, supra. This dicta was partially based on the Louisiana Supreme Court's continued recognition of the use of a motion for a new trial as a proper procedural device for a defendant in a jury trial to urge the issue of insufficient evidence, and as such, the need to clarify for the Trial Courts the proper standard to determine such a motion.
However, the holding of Hudson mandates that a finding of insufficient evidence using the Jackson standard requires a defendant to be acquitted. As the defendant cannot be granted a new trial if the evidence is found insufficient under Jackson, it is necessary for the Trial Judge to determine the merits of a defendant's motion through an analysis that will allow the granting of a new trial. Hence, the dicta of Chapman, requiring the Jackson *1266 analysis to determine the merits of a motion for a new trial based on insufficient evidence, appears to be inconsistent with the holding of Hudson. For the foregoing reasons, we decline to follow Chapman and we hold that a Trial Judge, in reviewing the merits of a motion for a new trial must review the weight of the evidence and, as such, make a factual determination as a thirteenth juror. The Trial Judge is not to use the Jackson analysis in determining whether a defendant is entitled to a new trial, i.e., he is not to view the evidence in a light most favorable to the State in determining whether or not a rational trier of fact could have found the essential element of the crime beyond a reasonable doubt. The Jackson standard is to be used only to determine if the defendant is entitled to an acquittal based on insufficient evidence.
While the motion for post verdict judgment of acquittal is the proper procedural vehicle a defendant should use to urge insufficient evidence, since the motion for a new trial is still recognized as a proper procedural vehicle to assert this issue, we find it necessary to instruct a Trial Judge to review such a motion under both the thirteenth juror standard, in order to determine whether the defendant is entitled to a new trial and the Jackson standard in order to determine whether the defendant is entitled to an acquittal based on insufficient evidence. This is necessary to insure that a defendant's assertion of insufficient evidence has been properly considered. Hence, a motion for a new trial urging insufficient evidence will require a dual determination by the Trial Judge.
Applying the foregoing discussion to the merits of the defendant's argument, we find that the Judge's statements denying the defendant's motion for a new trial complied with both the thirteenth juror standard and the Jackson standard. The Judge's statements indicated that he agreed with the jury's interpretation of the evidence, hence, the use of the Tibbs analysis, and that he found it legally sufficient to support the defendant's conviction, hence, the use of the Jackson analysis.
Except for an error of law, an appellate court may not review the granting or denial of a new trial. La.C.Cr.P. art. 858; State v. Robinson, 490 So.2d 501 (La.App. 4th Cir.), writ denied, 495 So.2d 303 (La. 1986). As the Trial Judge's statements denying the defendant's motion for a new trial indicated the proper use of both standards, no error of law occurred and hence, we find it unnecessary to remand for further clarification.
Alternatively, the defendant argues that the Trial Judge erred in determining that there was sufficient evidence to support the verdict. In review of a Trial Court's ruling on the sufficiency of the evidence, an Appellate Court must view the evidence in the light most favorable to the prosecution and must determine that a rational trier of fact could have concluded that all elements of the crime have been proved beyond a reasonable doubt. State v. Sutton, 436 So.2d 471 (La.1983); State v. Gallow, 452 So.2d 227 (La.App. 1st Cir.), writ denied, 456 So.2d 1016 (La.1984).
In order to be convicted of illegal possession of stolen things, the State must prove that the item was stolen, that the item was of value, that the defendant knew or should have known that the property was stolen, and that the defendant intentionally procured, received, or concealed the property. La.R.S. 14:69; State v. Moore, 439 So.2d 1178 (La.App. 4th Cir.), writ denied, 443 So.2d 587 (La.1983).
The State presented evidence that the forklift was stolen through the testimony of the forklift's owner, Mr. Lafferty, the investigating officer, Trooper Holland, and the president of Heavy Haulers, the company that stored the forklift, Mr. James Oliver. Mr. Lafferty, a qualified expert in the valuation of machinery, estimated the forklift to be worth between $12,000.00 to $15,000.00. Mr. David Stoute, an acquaintance of the defendant testified that the defendant stated to him that the forklift was stolen and that the defendant intentionally received the property under this knowledge. Viewing the evidence in a light most favorable to the *1267 State, clearly sufficient evidence of every element of the crime was presented.
These assignments of error have no merit.

ASSIGNMENT OF ERROR NUMBER 2
The defendant next contends that the Trial Court erred in sentencing him as a second offender. Defendant bases his argument on two issues. Initially, the defendant argues that his trial counsel may not have been informed of the defendant's prior conviction and this may have affected the attorney's advice to the defendant to not plea bargain. The defendant also argues that under the 1987 amendment to La.C.Cr.P. art. 893 he is entitled to probation and because his case is "in the pipeline" the amendment should be retroactively applied to his case.

KNOWLEDGE OF PRIOR CONVICTION
On March 22, 1985, the defendant's trial counsel filed a motion for a Bill of Particulars and Discovery and, therein, requested information which the State had regarding the defendant's prior convictions and arrests. On March 29, 1985, the State responded with the information that they had no knowledge of any prior arrests and convictions. Defendant's appellate counsel states that he is not aware of whether the defendant's trial counsel knew of the defendant's prior convictions, but the defendant's appellate counsel was informed by the defendant of this prior felony conviction.
Defendant argues, in essence, that because he was led to believe that the State did not know of his prior felony conviction, his trial counsel may have relied on this information to the defendant's detriment by not plea bargaining to a lesser crime in order to avoid a harsher sentence as a second felony offender. While the State's failure to uncover such an aged conviction was error, there is no proof that the defendant relied to his detriment on the State's mistake. Mere speculation by the defendant's appellate counsel of what defendant's trial counsel knew or didn't know about the defendant's criminal past, without proof of actual reliance to the defendant's detriment cannot form the basis of a ruling in the defendant's favor. As no reliance to his detriment has been shown, the defendant has failed to show prejudice to a substantive right. La.C.Cr.P. art. 921.
This assignment has no merit.

RETROACTIVITY OF ARTICLE 893
Effective September 1, 1987, a second offender who meets certain specified criteria may receive a probated sentence. La.C. Cr.P. art. 893(A). Prior to the article's amendment, a second felony offender was ineligible for parole. Defendant was sentenced on November 20, 1986, and as he was a second felony offender, he was denied parole. Under the amended article, the defendant would be eligible for parole. The defendant argues that the amended article should be applied retroactively because it is procedural in nature.
A defendant is to be tried under the statute in effect at the time of the commission of the crime. La.R.S. 24:171 provides:
The repeal of any law shall not have the effect of releasing or extinguishing any penalty, forfeiture or liability, civil or criminal, incurred under such law unless the repealing act expressly so provides, and such law shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture or liability.
A penal statute amended after the commission of the crime that modifies or lessens the possible penalty to be imposed does not extinguish liability for the offense committed under the former statute, unless the Legislature so intended. State v. Narcisse, 426 So.2d 118 (La.), U.S. cert. denied, 464 U.S. 865, 104 S.Ct. 202, 78 L.Ed.2d 176 (1983). As the Legislature has not expressly declared the amendment of article 893 to be retroactive, we must apply the law in effect at the time of the commission of the offense. Hence, defendant is not entitled to be resentenced to probation.
This assignment lacks merit.

*1268 ASSIGNMENT OF ERROR NUMBER 3
The defendant contends that the Trial Court erred in allowing into evidence several photos of the forklift and of the forklift serial numbers. The defendant contends that these photos did not accurately depict the forklift at the time he acquired it and that the enlarged photos of the forklift serial numbers were unduly prejudicial.
Initially, the defendant contends that the admission of the forklift photos were improper because the photos did not accurately depict the machine's condition when he acquired it. The defendant claims that the forklift was severely fire damaged when he obtained it and that he performed extensive repairs which substantially increased the machine's value. The defendant argues that the photos of the repaired forklift indicated that the forklift was in this improved condition when he acquired it and hence, indicated that the defendant should have been suspicious that the forklift was stolen because he traded such a lesser valued item for it.
All evidence must be relevant to be admissible. Therefore, to be admissible the photos must tend to show the commission of the offense and the intent, or tend to negate the commission of the offense and the intent. La.R.S. 15:441.
Several witnesses testified that the photos accurately depicted the appearance of the forklift at the time it was seized by the authorities. Additionally, several witnesses testified that the forklift had the original equipment that the defendant claimed to have replaced and that there was no evidence that the forklift had ever been in a fire. Therefore, the State presented evidence which indicated that the photos depicted the forklift in a condition similar to the forklift's condition when the defendant acquired it. As the photos show the value of the machine when the defendant acquired it, they were relevant to show that the defendant was aware of the incredible "deal" he made and the possibility that it was stolen.
The defendant also argues that the prejudicial effect of the enlarged photos of the altered serial numbers outweighed its probative value. The defendant claims that the serial numbers had to be enlarged to four inches high before the alterations were visible. Therefore, the defendant argues, the alterations could not have been visible to the naked eye and his failure to note the alteration numbers was reasonable.
The Trial Judge has great discretion in ruling on the admissibility of photographic evidence. State v. Hollingsworth, 337 So.2d 461 (La.1976).
The evidence of an altered serial number is relevant to show that the item was stolen. A photograph which is otherwise admissible should not be excluded merely because it is an enlarged form. Only when an enlargement misrepresents the evidence should the photo be excluded. State v. Baldwin, 388 So.2d 664 (La.1980); U.S. cert. denied, 449 U.S. 1103, 101 S.Ct. 901, 66 L.Ed.2d 830 (1981).
In the instant case, both Trooper Holland and Mr. Lafferty testified that the altered serial numbers on the forklift were not hard to locate and were easily visible to the naked eye. Hence, the State showed that the photos did not misrepresent the evidence. There appears to be no error in the Trial Judge's ruling and the photos were therefore admissible.
This assignment has no merit.

ASSIGNMENT OF ERROR NUMBER 6
The defendant sought to admit certain magazine publications in order to corroborate his valuation of the forklift. The State objected to this evidence as hearsay and irrelevant. The defendant countered that these magazines were admissible to show the defendant's state of mind. The Trial Judge concluded that only the magazine published before the defendant traded for the forklift was admissible to show the defendant's state of mind. The remaining magazines were ruled to be inadmissible hearsay.
Hearsay evidence is generally inadmissible. La.R.S. 15:434. Remarks that are offered to show the defendant's state *1269 of mind and not for the truth asserted therein, are not hearsay. State v. Lane, 438 So.2d 1265 (La.App. 3rd Cir.1983), writ denied, 443 So.2d 1117 (La.1984).
In this case, the Trial Judge ruled that only those magazines that could show the defendant's state of mind in his valuation of the forklift were admissible. As only those magazines published prior to the defendant's trade for the forklift could have influenced his state of mind at the time of the deal, only those publications were admissible, and the Trial Judge committed no error in excluding the remaining publications as impermissible hearsay since no other exception to the hearsay rule was applicable.

ASSIGNMENT OF ERROR NUMBER 7
The defendant alleges that the trial court erred in limiting the defendant's cross-examination of witness David Stoute. The defense counsel questioned Mr. Stoute regarding any previous arrest he may have had for possession of stolen goods. The State objected and the Trial Judge instructed the jury to disregard this question.
La.R.S. 15:495 states that: Convictions, but not arrests ... are admissible to impeach the credibility of a witness.
The defendant argues in his brief that he did not intend to impeach the witness's credibility by this question. Instead, the defendant argues that he wished to show that Mr. Stoute also had outstanding charges against him and therefore, had an interest in seeing the defendant convicted.
When questions regarding the arrest of a witness are not asked to impeach the witness' general credibility but instead are asked to demonstrate the leverage the district attorney has over the witness as a result of the pending charge, such cross examination is not precluded by La.R.S. 15:495; State v. Brady, 381 So.2d 819 (La. 1980).
While the defendant's attorney objected to the Trial Court's ruling denying him questions regarding Mr. Stoute's prior arrests, the defense attorney failed to state on the record his grounds for objecting. This would have properly been done through an offer of evidence outside the presence of the jury. On appeal, we are unable to determine whether defense counsel was attempting to impeach the witness' credibility, which is impermissible under La.R.S. 15:495, or whether he was attempting to show bias. Hence, as the defendant has failed to properly preserve his objection for appellate review, we must affirm the ruling of the Trial Court.

ASSIGNMENT OF ERROR NUMBER 8
The defendant challenges the admissibility of certain documentary evidence. This evidence consists of the defendant's application for a certificate of title for ownership of the "trike", a bill of sale of the "trike" to the defendant, and a form where the defendant represents that he will maintain liability insurance on the "trike".
The defendant raises five (5) separate challenges to the admission of this evidence.

AUTHENTICATION
Defendant argues that the documents in question are copies of official documents and must be authenticated to be admissible. The defendant did not object to the introduction of these documents on the basis that they lacked certification by the custodian of the record, but only argued that the certification on the documents was insufficient to authenticate the documents.
The rule of authentication, evidencing the genuineness of a document, must always be satisfied. State v. Cobb, 419 So.2d 1237 (La.1982). La.R.S. 13:3711 provides:
Copies of any books, records, papers or other documents of any of the executive and administrative departments, boards, and agencies of this state, and copies of any books, records, papers, and other documents of any of the political corporations, bodies politic, boards, departments and agencies of this state and the parishes and municipalities thereof, when certified as being true copies by the official, officer or employee in whose custody *1270 they may be shall be admitted in evidence in all courts of this state, equally with the originals of such books, records, papers or other documents.
La.R.S. 13:3712, in pertinent part, provides:
A. Certified copies of books, records, papers or documents provided in La.R.S. 13:3711 shall be prima facie proof of the existence and contents of the originals and of any act, transaction or occurrence or event as a memorandum of which said books, records, papers or documents were kept or made.
The Trial Judge has great discretion in determining the sufficiency of the foundation which is necessary for the introduction of evidence. State v. Cobb, supra.
Under La.R.S. 13:3711 and 13:3712, certified documents of state agencies are admissible into evidence. The documents admitted as state exhibit S-5, have been reviewed, and are properly certified by the custodian of the records, and as such, they were properly authenticated and admissible.

OTHER CRIMES EVIDENCE, PRIEUR NOTICE AND RELEVANCY
The defendant alleges that the Trial Court erred in introducing these documents because they inferred that the defendant committed the offense of sales tax evasion. Hence, the defendant argues that the State was required under State v. Prieur, 277 So.2d 126 (La.1973), to provide notice of its intention to introduce evidence of other crimes.
The defendant testified at trial that he felt the value of the trike was $4,500.00 when he traded it for the forklift. The documents in question included an application for title filed by the defendant and a bill of sale which showed that the defendant placed a value of $500.00 on the trike when he obtained it. Contrary to the defendant's assertion, the valuation of the trike on the documents does not indicate evidence of another crime. Instead, it is evidence that the defendant actually assessed the value of the trike to be $500.00 when he acquired it. While the defendant at trial stated he estimated the value of the trike to be much greater than $500.00, this documentary evidence effectively impeached the defendant's assertion that he truly valued the trike at this amount.
This valuation also infers that the defendant traded a very low valued item for a forklift valued at defendant's own minimum estimate of $5,000.00. This implies that the defendant could not possibly have believed he was trading equally valued items when he obtained the forklift in exchange for the trike. Hence, the evidence was relevant to show that the defendant had good reason to know that the forklift was stolen when he paid such a lesser amount for it.

NOTICE OF INCULPATORY STATEMENTS
The defendant also contends that these documents were inculpatory statements and that he should have been notified under La.C.Cr.P. art. 768, of the State's intention to use this inculpatory evidence.
Article 768 requires the State to advise the defendant prior to the opening statement, and in writing, if it intends to introduce an inculpatory statement into evidence.
"Inculpatory statement" in this article creating the State's disclosure duty, refers to an accused's out-of-court admission occurring after a crime, which implicates or incriminates the speaker as to the commission of that crime. State v. Quimby, 419 So.2d 951 (La.1982); State v. Willis, 438 So.2d 605 (La.App. 3rd Cir.1983). These documents were written prior to the defendant's acquisition of the forklift, hence it does not fall within the disclosure requirement of article 768.

IMPROPER REBUTTAL EVIDENCE AND ASSIGNMENT OF ERROR NUMBER 10
These documents were introduced during the State's rebuttal. The defendant complains that these documents were improper rebuttal evidence because this evidence injected *1271 a new issue into the trial which should have been raised in the State's case in chief. La.C.Cr.P. art. 765(5) states that in the normal order of a criminal trial the State presents its evidence, the defendant presents his evidence, and then the State presents evidence in rebuttal.
The defendant presented evidence in his case that he estimated the "trike" to be worth $4,500.00 when he traded it for the forklift. Clearly the documents in question rebutted the defendant's claimed state of mind.
The Trial Judge did not abuse his discretion by allowing these documents in as proper rebuttal evidence.

ASSIGNMENTS OF ERROR NUMBERS 9 AND 11
The defendant next contends that the Trial Court erred by allowing the State to conduct improper rebuttal examinations on the State's three rebuttal witnesses: David Davenport, Phillip Bauer and John Bates, III. The defendant contends that the rebuttal evidence raised new issues which should have been introduced during the State's case in chief. The defendant also argues that the Trial Court erred by not permitting him to introduce surrebuttal evidence.
At the trial, the defendant failed to object to the testimony on the grounds that it introduced new issues. Under La.C.Cr.P. art. 841, an irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. However, even had defendant properly reserved his right to raise this issue, our review of the testimony of these three witnesses reveals that no new issues were raised on appeal.
The defendant claims that the Trial Judge erred in refusing to allow the defendant to present surrebuttal evidence. La.C.Cr.P. art. 765 which covers the normal order of a criminal trial, provides that the State is allowed to present rebuttal evidence. Therefore, the defendant does not have a statutory right to surrebut the prosecution's rebuttal. Under article 765(5), in the normal order of a criminal trial, the introduction of any additional evidence is solely within the discretion of the Trial Court. State v. Howard, 449 So.2d 69 (La. App. 4th Cir.1984). When the State in rebuttal does not introduce any new matters other than those brought forth by the defense in its case in chief, the denial of the request for surrebuttal will generally not be found to be an abuse of discretion. Howard, supra.
As no new issues were raised by the State on rebuttal, no error arises from the Trial Judge's ruling.
These assignments lack merit.
For the above and foregoing reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[*] Honorable William A. Culpepper, Judge, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.