COOKS, Judge.
Noble Robinson, Jr., was indicted by a grand jury on the charge of second degree murder in violation of La.R.S. 14:30.1. The defendant was found guilty following a jury trial and was sentenced to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. On appeal he assigns three (3) errors for our review.
FACTS
On August 25, 1990, at approximately 3:45 p.m., the defendant rode his bicycle into the parking lot of Kelly’s I.G. Grocery in Church Point, Louisiana and approached a parked vehicle. Inside the vehicle were the victim, Serita Thomas (the defendant’s former girlfriend) and the couple’s four year old son both seated in the back seat. Patricia Ann Pitre, Serita’s girlfriend, was seated in the front passenger seat of the vehicle. A brief conversation ensued after which the defendant drew a .38 caliber revolver and proceeded to shoot Serita Thomas once in the thigh and once in the head.
The defendant then remounted his bicycle and rode to the Church Point Police Department where he informed the police dispatcher that he had shot Serita Thomas. He promptly unloaded the weapon placing both the bullets and the unloaded weapon on the dispatcher’s desk. Immediately, he was arrested and informed of his Miranda rights. Thereafter, defendant made a number of in-culpatory statements both unsolicited and during interrogation.
ASSIGNMENT OF ERROR NUMBER 1
By this assignment, defendant contends the trial court erred in admitting the testimony of Patricia Ann Pitre. Specifically, he alleges the testimony introduced at trial constituted hearsay.
Patricia Pitre, a passenger in the vehicle, testified she heard the defendant say “I told you I was going to do it” seconds before he pulled the trigger. The defense objected. The state, however, noted that it was relying on two distinct provisions of the evidence *1276 code which set forth exceptions to the hear■say rule: (1) then existing mental, emotional, or physical condition; and (2) things said or done.
Hearsay statements are generally inadmissible because of their historic unrelia-, bility and because of the unfairness to the defendant who cannot test the truth of the statement. State v. Thompson, 331 So.2d 848 (La.1976). One traditional exception to the rule, however, involves out of court declarations intended to prove the state of mind of the declarant. State v. Sheppard, 371 So.2d 1135 (La.1979); State v. Landry, 524 So.2d 1261 (La.App. 3d Cir.), writ granted in part, 531 So.2d 254 (La.1988), appeal after remand, 546 So.2d 1231 (La.App. 3d Cir,1989).
La.Code of Evidence art. 803(3) provides:
“The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
* ⅜ * * * *
(3) Then existing mental, emotional, or physical condition. A statement of the declarant’s then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health), offered to prove the declarant’s then existing condition or his future action. A statement of memory or belief, however, is not admissible to prove the fact remembered or believed unless it relates to the execution, revocation, identification, or terms of declarant’s testament.”
State of mind evidence, however, is admissible only if the particular person’s state of mind is itself at issue or is relevant to prove a fact at issue. State v. Dilosa, 529 So.2d 14 (La.App. 5th Cir.1988), writ denied, 538 So.2d 1010 (La.1989).
In this case, defendant alleged the shooting was accidental. Thus, his statement, “I told you I was going to do it” was particularly relevant to disprove the “accidental shooting” defense. The trial court was correct in admitting the statement tended to show defendant’s state of mind which was placed at issue by him and constituted an exception to the hearsay rule. Second, the statement was also admissible under the “Things said or done” provision set forth in La.Code of Evidence art. 801(D)(4) which now codifies the concept of “res gestae.” This article provides:
“D. Statements which are not hearsay. A statement is not hearsay if:
(4) Things said-or done. The statements are events speaking for themselves under the immediate pressure of the occurrence, through the instructive, impulsive and spontaneous words and acts of the participants, and not the words of the participants when narrating the events, and which are necessary incidents of the criminal act, or immediate concomitants of it, or form in conjunction with it one continuous transaction.”
In State v. Millet, 356 So.2d 1380 (La.1978) the court recognized that utterances made before, during and immediately after a crime carry a special reliability. The court noted that:
“[UJnlike statements made in the course of ordinary conversation when the speaker normally weighs his words as he talks, it is believed that spontaneous and impulsive words which are spoken during the criminal transaction, or as part of it, are reliable statements, admissible into evidence even without the usual safeguards of admitting only the testimony of those who are sworn to tell the truth and are available for cross examination. Millet at 1383.”
The statements recalled by Patricia Ann Pitre took place as immediate concomitants of the defendant’s criminal act. The words were spoken seconds before the fatal shooting as the defendant was leaning into the car on the passenger’s side where Mrs. Pitre was seated and able to hear the conversation as it transpired. As such, the statement was admissible under both provisions of the Evidence Code. This assignment of error lacks merit.
ASSIGNMENT OF ERROR NUMBER 2
By this assignment, defendant argues several photographs should have been excluded because their probative value was substantially outweighed by the danger of unfair prejudice. Specifically, defendant *1277 complains that Exhibits S-15 through S-18 which depict an accurate view of the crime scene should not have been admitted as evidence. The defendant is particularly concerned about S-18 which shows the position of the victim’s body in the vehicle.
In Louisiana, it is well established that the test for admissibility of photographs in a criminal prosecution is whether their probative value outweighs their probable prejudicial effect. State v. Bray, 292 So.2d 697 (La.1974); La.Code of Evidence art. 403. A careful review of the entire record, which included photographs of the autopsy performed on the victim ordered sealed in the record but available to this court on review, reveals the prosecution selected the least prejudicial photographs available to offer for submission as trial evidence. Individually and collectively, the photographs admitted into evidence depicted the crime scene and showed the identity, fact, and manner of injury. We are not convinced these photographs had any undue prejudicial effect on the jury. This assignment of error lacks merit.
ASSIGNMENT OF ERROR NUMBER 3
Defendant contends, in this final assignment, certain inculpatory statements made by him to Officers McBride and Lafosse should have been excluded as evidence because he was not properly informed of his Miranda rights.
Immediately following the defendant’s arrest, Detective Dale Thibodeaux informed the defendant of his Miranda rights. The defendant was then placed in a cell and guarded by Officer Richard McBride who fully disclosed his identity to defendant though he was dressed in plain clothes. The officer visibly carried a gun and at all times displayed his badge on his outer clothing. Within minutes the following conversation was initiated by the defendant as testified to by the officer:
“He had asked me how the girl was doing, and I advised him that I couldn’t tell him anything, he would have to wait for the detectives. And then he stated that he had shot to wound her, not to kill her.”
In brief, defendant argues even though he had been arrested and informed of his rights by Officer Dale Thibodeaux, this did not relieve Officer McBride of his duty to inform the defendant of his right to remain silent and not give any statements concerning the crime. Existing jurisprudence recognizes that spontaneous and voluntary statements, not given as a result of police interrogation or compelling influence, are admissible in evidence without Miranda warnings even where a defendant is in custody. State v. Robinson, 384 So.2d 332 (La.1980). Our review of the record convinces us this conversation was initiated by the defendant; and it was purely voluntary, and spontaneous. Since Officer McBride did not initiate the conversation or interrogate the defendant, he was not required to “re-inform” the defendant of his Miranda rights.
Defendant also complains the taped confession he gave to Detective Lafosse should have been suppressed. Prior to receiving the taped confession, Detective La-fosse testified he informed the defendant of each individual Miranda right as set forth on the standard waiver of rights form. After reading each of these enumerated rights to the defendant he checked them off, yet he neglected to place a check mark near the portion stating “you have a right to stop answering at any time until you talk to a lawyer.” However, the record reveals Detective Lafosse gave the form to the defendant and defendant read and signed the form. Once defendant executed the form, the following taped conversation transpired:
“C.L. Noble Robinson. Alright, a few minutes ago, I read you your rights in the front of these two officers and I asked you if you understood them. You indicated yes. And I asked you sign the waiver of rights form. Are those your two signatures?
N.R. Yea.
C.L. You understand your rights?
N.R. I understand my rights.
C.L. You understand that you’re being held for the shooting death of a Ms. Serita Thomas of Church Point?
N.R. Yes I understand that.
*1278 C.L. That incident that occurred today in Church Point on the Kelly Grocery Store Parking Lot.
N.R. Right.
C.L. After reading you your rights I asked you if you wanted to give me a statement and answer questions without an attorney present. You indicated you did. Is that correct?
N.R. Yes sir.
C.L. Have I promised you anything for your statement?
N.R. You have not promised me anything.
C.L. Have I threatened you in any way?
N.R. You have not threatened me in any way.
C.L. Your statement today will be voluntarily?
N.R. That’s right.”
Our examination of the record convinces us defendant was fully advised of his rights and he fully understood them. We find this assignment lacks merit.
ERROR PATENT
La.C.Cr.P. art. 930.8 provides, at the time of sentencing, the trial court shall inform the defendant of the prescriptive period for post-conviction relief. The record shows the court did not so inform the defendant. This defect has no bearing on whether the sentence is excessive and thus is not grounds to reverse the sentence or remand the case for resentencing. La.C.Cr.P. art. 921. The three year prescriptive period does not begin to run until the judgment is final under La.C.Cr.P. art. 914 or 922. Prescription is not yet running. The purpose of the notice of article 930.8(C) is to inform the defendant of the provisions in advance. Thus, the district court is directed to inform the defendant of the provisions of Article 930.8 by sending appropriate written notice to the defendant within ten days of the rendition of this opinion and to file written proof that the defendant received the notice in the record of the proceedings. See State v. Cox, 604 So.2d 189 (La.App.2d Cir.1992); State v. Stephens, 604 So.2d 203 (La.App.2d Cir.1992).
DECREE
For the foregoing reasons, defendant Noble Robinson, Jr.’s conviction is affirmed.
AFFIRMED.