657 So.2d 181 (1995)
Earlene and Gerard SAMPSON, Plaintiffs-Appellants,
v.
Elton LEMOINE, et al., Defendants-Appellees.
No. 94-1568.
Court of Appeal of Louisiana, Third Circuit.
May 3, 1995.
*182 Donald Ray Dobbins, Baton Rouge, for Earlene and Gerard Sampson.
Lelia Anne Collier, Lafayette, for Elton Lemoine et al.
Before DECUIR, AMY and SULLIVAN, JJ.
AMY, Judge.
This appeal arises out of a slip-and-fall accident in a grocery store. The plaintiffs, Earlene Sampson and Gerard Sampson, appeal the trial court's dismissal of their claim.

FACTS
On November 11, 1992, Mrs. Sampson entered the Super Value Store in Marksville (hereafter "the store") approximately 15 to 30 minutes before closing time. Employees of the store had just finished their usual mopping of the entrance area. Just after stepping off of a fixed mat immediately inside the door, Mrs. Sampson slipped and fell to the floor.
Mrs. Sampson and her husband filed suit against the store, its manager, its insurer, and the owner of the building which housed the store. A trial was held before a jury which found that the defendants were not liable for the plaintiffs' injuries.
The plaintiffs appealed, alleging two assignments of error: first, that the jury failed to find the defendants liable for the plaintiffs' injuries although it found that there existed a condition on the store's premises that presented an unreasonable risk of harm and was reasonably foreseeable; second, that the jury interrogatories were "substantially altered" by the trial judge and the defendants' attorney in an ex parte communication. We will consider the second assignment of error first.

Jury Interrogatories
The plaintiffs charge that changes were made to the jury interrogatories during an alleged ex parte meeting between the trial judge and defense counsel and that this deprived the plaintiffs' counsel of an opportunity to object to the interrogatories in a timely fashion at trial.
We find no evidence in this record of such a conversation. What we do find is that the trial court directly asked Mr. and Mrs. Sampson's attorney, Donald Dobbins, in open court if he had any objections to the interrogatories:

*183 BY THE COURT:
Mr. Dobbins, do you know if the jury interrogatories are unopposed?
BY MR DOBBINS:
Yes, your honor.
BY THE COURT:
May I have them please. (SAME HANDED TO COURT) If you would, please, Mr. Dobbins, if I can get you to move the podium once more.
BY MR DOBBINS:
Yes, your honor.
Even if the plaintiffs' counsel did not know the contents of the jury interrogatories at that point, he certainly knew them later, for the trial court immediately proceeded first to explain the pertinent law and then to read aloud the jury interrogatories. No objection was made to the interrogatories at that point. By failing to object to any alleged flaws in the interrogatories before the jury retired, plaintiffs have waived the objection on appeal. La.Code Civ.P. art. 1812. This assignment of error lacks merit.[1]

Jury's Findings of Fact
A claimant seeking to recover for a slip-and-fall in a grocery store must meet the burden of proof set by the legislature in La.R.S. 9:2800.6, which provides in pertinent part:
B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, and in addition to all other elements of his cause of action, that:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable;
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and

(3) The merchant failed to exercise reasonable care. (emphasis added.)
The use of the conjunctive "and" at the end of subparagraph (2) indicates that a claimant must prove all three elements listed in the statute in order to recover for damages suffered.
In the case before us, the jury found that the plaintiffs proved the first element: there was a condition on the premises of the store which presented an unreasonable risk of harm and this risk of harm was foreseeable. The second element was also proven since the condition alleged was created a result of the store's normal mopping practice performed by its employees. However, the jury found that the store exercised reasonable care in its mopping operations.
The store was mopped 15 to 30 minutes before its closing at 9:00 p.m., a time at which traffic in the store was minimal. The mopping procedure itself was a three-step process: the first worker wet mopped; the second damp mopped, removing the stains; and the third dry mopped. All mopping was done without soaps or chemicals, and the buckets used were large and yellow, bearing written warnings on their sides. The buckets were placed so that one walking would have to see them before stepping on an area that was being wet mopped or damp mopped. Under these facts, the jury found that the store used reasonable care when mopping; thus the plaintiffs failed to prove the third element and were not entitled to recover for their injuries.
The findings of a trier of fact are reviewed using the manifest error/clearly wrong standard, and such findings based on the credibility of witnesses are to be accorded great weight. Rosell v. ESCO, 549 So.2d 840 (La.1989). Our review of the record does not indicate that the jury was clearly wrong in its findings.
The plaintiffs did not carry their burden of proving all three statutorily-mandated elements *184 of their case; therefore, the jury properly found that the defendants were not liable for the plaintiffs' injuries. This assignment of error is without merit.

DECREE
For the foregoing reasons, the trial court's ruling is affirmed. All costs are assessed to the plaintiffs.
AFFIRMED.
NOTES
[1] The interrogatories substantially followed La. R.S. 9:2800.6, and, as we observe later in this opinion, all of the elements of the statute must be proven if the plaintiffs are to be awarded damages. The interrogatories were not erroneous.