| WOODARD, Judge.
Defendant appeals conviction of second degree murder, asserting the trial court erred in not granting his motion for a new trial, denying a challenge for cause of a biased juror, and allowing the introduction of prejudicial evidence. We affirm.
FACTS
On October 26, 1993, Ursula Bruno was stabbed at the intersection of Simcoe and Twelfth Streets in Lafayette, Louisiana. She was taken to a local hospital where she died. The police located four individuals who claimed to have been at the scene where the stabbing occurred, including Pamela Smothers, an eyewitness to the incident. While none of the other three witnesses could give a positive identification of the assailant, Smothers testified that she saw the defendant, Gregory Jeanlouis, stab Bruno. Smothers testified that defendant stabbed Bruno because he mistook her for one of a number of individuals who had robbed him earlier that evening. Also admitted into evidence was a tape recording which was given to the Lafayette City Police by Trooper Dirk Bergeron, an officer with the Louisiana State Police. The tape contained a recording of a traffic stop in which defendant made incriminating statements admitting to killing an unnamed woman in Lafayette.
laA jury trial was held on February 5-7, 1996, and defendant was convicted of second degree murder. On February 7,1996, defendant was sentenced to life imprisonment without benefit of parole, probation, or suspension of sentence. It is from this conviction that defendant appeals.
ASSIGNMENTS OF ERROR
Defendant claims the following assignments of error:
(1) The trial court erred in denying a challenge for cause of a biased juror.
(2) The trial court erred in admitting ambiguous evidence which was not probative of any material fact and which was highly prejudicial.
(3) The evidence, considered in the light most favorable to the prosecution, fails to prove beyond a reasonable doubt that the defendant is guilty of second degree murder.
LAW
Challenge op Juror for Cause
Defendant’s first assignment is that the trial court erred in not granting a challenge for cause for a prospective juror. To prove there has been error warranting reversal of the conviction and sentence, defendant need only show: (1) erroneous denial of a challenge for cause; and (2) the use of all his peremptory challenges. State v. Cross, 93-1189 (La.6/30/95), 658 So.2d 683. In this case, Jeanlouis had twelve peremptory challenges available and used all twelve. He can, therefore, raise the issue of erroneous denial. State v. Gibson, 505 So.2d 237 (La.App. 3 Cir.1987).
La.Code Crim.P. art. 797 provides, in pertinent part, that a defendant may challenge a juror for cause on the grounds that:
(2) The juror is not impartial, whatever the cause of his impartiality. An opinion or impression as to the guilt or innocence of the defendant shall not of itself be sufficient ground of challenge to a juror, if he declares, and the court is satisfied, that he can render an impartial verdict according to the law of the evidence;
la(3) The relationship, whether by blood, marriage, employment, friendship, or enmity between the juror and the defendant, the person injured by the offense, the *1358 district attorney, or defense counsel, is such that it is reasonable to conclude that it would influence the juror in arriving at a verdict.
The true test of a juror’s qualification to serve is his or her ability to judge impartially based on the evidence adduced at trial, as gleaned from the totality of responses given at voir dire. State v. Williams, 410 So .2d 217 (La.1982). A challenge for cause should be granted, even when a prospective juror declares his ability to remain impartial, if the juror’s responses as a whole reveal facts from which bias, prejudice or inability to render judgment according to law may be reasonably implied. State v. Jones, 474 So.2d 919 (La.1985); State v. Smith, 487 So.2d 802 (La.1983). In determining the impartiality of a juror, the trial judge has wide discretion, and his or her ruling will not be disturbed on appeal absent a showing of abuse. State v. Gintz, 438 So.2d 1230 (La. App. 3 Cir.1983); Gibson, 505 So.2d at 237. Furthermore, a charge of bias may be removed if the prospective juror is rehabilitated. Id. Typically, jurors are not trained in the law. They often have preconceived ideas as to what the law requires, or which witnesses have more credibility. Because of this, they are questioned by the trial court, not only in reference to their possible partiality, but also as to their ability to put aside that partiality and render an impartial verdict according to the evidence and instructions given to the court. A challenge for cause is often unwarranted where a prospective juror at first expresses an opinion prejudicial to the defendant, but upon further inquiry demonstrates the ability and willingness to decide the case impartially by listening to the evidence and following the trial court’s instructions. State v. Heard, 408 So.2d 1247 (La.1982); State v. Bates, 397 So.2d 1331 (La.1981). In the present case, Jeanlouis asserts that the juror in question, juror Furman, could not be impartial. He bases this assertion on Furman’s responses during voir dire and his friendship with individuals in law enforcement. He further asserts evidence of Furman’s hearing problem as a cause for removal. We will discuss both these contentions in turn.
Mr. Bull, Jeanlouis’ attorney, questioned the jurors as to whether they would be inclined to believe a police officer more than someone else. The following dialogue took place between Bull and Furman:
I4A. I think it’s pretty much common knowledge that police officers are to respect and uphold the law, and that generally what they say is right. You know, if I was to look at that sheriff and he was to tell me something, I would generally believe him.
Q. So would you give more weight and credibility to the testimony of—
A. Well, I would think that just in our society, isn’t it just generally accepted that a police officer carries more weight than you convicted felon would, for instance, because he’s a role model?
Q. You have to tell me how that affects you.
A. Well, yeah, I feel that way.
Later in voir dire, the trial judge also questioned Furman:
Q. Okay, but I need to ask you this question — and also, to answer your question, Mr. Furman, no, the law does not give a police officer any more credibility than any other person.
A. (Mr. Furman) Oh, no, I didn’t think it gives him more credibility.
After this exchange, the trial judge explained that each witness is presumed to tell the truth, and that jurors should listen to, and weigh all the testimony before deciding what had or had not been proven. The trial judge went on to question Furman more in depth:
Q. Okay. Now, Mr. Furman, I think you said you might believe a police officer over another witness. Is that correct?
A. I would think that — like I said, if I was to ask that sheriff a question, I would think he would give me a straight answer, more so maybe than anybody off the street, because he is in his position to protect and serve.
Q. Well, let me ask you a few more questions. The fact that a person wears a certain uniform, does that necessarily *1359 mean that he is any more honest or truthful than anybody else?
A. No, it doesn’t
Q. So even though you might want to believe a police officer, once you think about it, is not a police officer simply another human being just like you and I, some subject to telling the truth; some 1 fisubject to not telling the truth; some unintentionally not telling the truth? Would you agree with those statements or not?
A. Oh, yes, sir.
Q. So then I must come back to the crucial question again with you, and that is: Would you give more credibility to the testimony of a police officer over anyone else, without listening to each person testify and then determining who you thought gave the most accurate testimony?
A. No, I would listen to everything and give an unbiased opinion.
Q. And if you concluded that testimony given contrary to the testimony of a police officer or officers was more accurate, would you vote that way?
A. Yes.
Q. You would? You wouldn’t have any problems?
A. No sir. And I have a hearing deficit, so you might have to speak up a little bit.
The trial judge went on to summarize a juror’s duty to disregard preconceived notions which would prevent a juror from fairly listening to the evidence, and asked “with all these explanations, do you feel that you could be a fair and impartial juror if you were chosen?” Mr. Furman stated that he could be fair and impartial.
Where a juror’s testimony on voir dire reveals the existence of facts from which bias, prejudice, or inability to render judgment according to law may reasonably be inferred, a challenge for cause should be granted even where the juror declares impartiality. State v. Smith, 430 So.2d 31 (La.1983); State v. Albert, 414 So.2d 680 (La. 1982); State v. Lewis, 391 So.2d 1156 (La. 1980). Such an inference, however, is squarely within the ambit of the trial judge. The Louisiana Supreme Court, in State v. Qualls, 353 So.2d 978 (La.1977), faced an almost identical scenario. In Qualls, the juror in question (who was also married to a law enforcement officer) revealed that she would be more inclined to believe a law enforcement officer than other witnesses. When questioned further by the trial judge, she indicated that she could believe certain witness’ testimony over contradictory testimony by a police officer. The trial judge was satisfied that she could serve impartially, and the Supreme Court upheld that decision. Likewise, in State v. Heard, the Supreme Court | fiheld that a juror, when informed that the measure' of credibility was not the uniform the witness wore, drew on her own experience and convinced the trial court that she could serve as an impartial juror. Heard, 408 So.2d 1247.
While questions of a juror’s impartiality weigh heavily on the facts and circumstances of each ease, the Supreme Court has consistently held that a juror may be rehabilitated by the court. Mr. Furman, like the jurors in Qualls and Heard, stated he could he fair and impartial. The trial judge, questioning the juror and evaluating his responses firsthand, agreed that Furman could perform his duties as a juror. As such, there was no abuse of discretion in denying the challenge for cause.
Defendant further asserts that Fur-man’s hearing deficit and relationships with members of law enforcement support his motion of removal for cause. While Furman did state that he had a “hearing deficit,” the record shows that Furman had already heard and answered a number of questions before the issue of his hearing loss was raised. From the record and the trial court’s decision, it cannot be said that Furman’s hearing loss was substantial enough to warrant a challenge for cause.
Admission op Evidence
Defendant’s second assertion is that the trial court erred in admitting ambiguous evidence which was not probative of any material fact and which was highly prejudicial.
*1360 Specifically, defendant asserts the trial judge erred in admitting an audiotape made by Trooper Dick Bergeron in March of 1995 containing inculpatory evidence spoken by defendant. Defendant argues that the tape was not relevant and that its probative value was outweighed by the danger of unfair prejudice.
Relevant evidence is that which tends to make the existence of a fact at issue more probable or less probable. La.Code Evid. art. 401. Relevant evidence is generally admissible but may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading of the jury, or by considerations of undue delay, or waste of time. La. Code Evid. arts. 402 & 403. As this court explained in State v. Lee, 92-1492 (La.App. 3 Cir. 10/13/93), 625 So.2d 645:
The comments following La.Code Evid. art. 402 note that to be admissible under the Code of Evidence, relevant evidence need not have |7any pre-determined minimum weight ... (I)n State v. O’Quinn, 342 So.2d 202 (La.1977), the court noted that the evidence offered does not need to have strong, full, representative value, or to produce persuasion by its role and intrinsic form, but it is sufficient if it is worth consideration by the jury.
As in Lee, defendant “appears to confuse weight of the evidence with relevancy of the evidence.” Lee, 625 So.2d at 649. The trial judge in the case sub judice ruled that the audiotape was admissible because it was relevant to the crime charged. Defendant was charged with the Second Degree Murder of a woman from Lafayette. The audiotape contains a statement by defendant stating that he killed a woman in Lafayette. Therefore, the audiotape was relevant to the crime charged. Defendant further asserts that the statement allegedly made was no more than the “ranting bravado of an intoxicated person; not a knowing and informed statement of the commission of a crime.” As such, he argues, it should have been excluded, since its probative value is far outweighed by the danger of unfair prejudice. Defendant has offered no other evidence, however, that the audiotape would prejudice the jury. Because the evidence was relevant, and no evidence of unfair prejudice has been shown, the trial judge did not abuse his discretion in admitting the tape into evidence. As such, this assertion of error has no merit.
Sufficiency of Evidence
Defendant’s final assertion is that the trial court erred in denying his motion for a new trial based on insufficiency of the evidence to prove second degree murder beyond a reasonable doubt. In the alternative, defendant asserts that a preponderance of the evidence proves mitigating factors sufficient for a finding of manslaughter, and that the trial judge erred in not including a jury instruction explaining the preponderance of the evidence standard for a finding of such mitigating factors.
This court will first address the motion for a new trial based on insufficiency of the evidence. Initially, it must be noted that this assignment of error may be asserted under two separate Code of Criminal Procedure articles: La.Code Crim.P. art. 821, Motion for Post Verdict Judgment of Acquittal, and La.Code Crim.P. art. 851, Grounds for a New Trial. While the brief submitted by defendant does not cite which Criminal Code article the assignment is based on, an appellate court may treat the issue as properly presented despite the failure of counsel to denominate the | «motion properly as either one for judgment of acquittal or for a new trial. State v. Allen, 440 So.2d 1330 (La. 1983). Therefore, we will review this assignment under both articles
Under article 821, a post verdict judgment of acquittal shall be granted only if the court finds that the evidence, viewed in a light most favorable to the state, does not reasonably permit a finding of guilty. This article mirrors the United States Supreme Court’s decision and “sufficiency of the evidence” standard of review established in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In Jackson, the court held that “the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational finder of fact could have found the essential elements of the crime beyond a *1361 reasonable doubt.” Id. at 319, 99 S.Ct. at 2789. A finding of insufficiency under this standard “means that the government’s case was so lacking that it should not have even been submitted to the jury.” Tibbs v. Florida, 457 U.S. 31, 41, 102 S.Ct. 2211, 2217, 72 L.Ed.2d 652 (1982) (quoting Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978)). The U.S. Supreme Court further held, in Hudson v. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981), that a finding of insufficiency of the evidence using the Jackson standard requires a defendant to be acquitted. Furthermore, a reversal “ ‘due to a failure of proof at trial,’ where the state received a ‘fair opportunity to offer whatever proof it could assemble,’ bars retrial on the same charge.” Id. at 43, 101 S.Ct. at 972, (Quoting Burks v. United States, 437 U.S. at 16, 98 S.Ct. at 2149). Thus, as the defendant cannot be granted a new trial if the evidence is found insufficient under Jackson, it is necessary for the trial judge to determine the merits of a defendant’s motion through an analysis that will allow the granting of a new trial. State v. Landry, 524 So.2d 1261 (La. App. 3 Cir.1988).
La.Code Crim.P. art. 851, grounds for a new trial, provides the avenue for such analysis, and reads in pertinent part:
The motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegation it is grounded.
The court, on motion of the defendant, shall grant a new trial whenever:
(1) The verdict is contrary to the law and the evidence;
[[Image here]]
(5) The court is of the opinion that the ends of justice would be served by the granting of a new trial, although the defendant may not be entitled to a new trial as a matter of strict legal right. Amended by acts 1974, No. 207, § 1.
Although it would seem that the proper procedural device for a defendant to assert the insufficiency of the evidence is a motion for post verdict judgment of acquittal, the Louisiana Supreme Court has also continued to recognize the motion for a new trial (art. 851) as a proper vehicle to assert this issue. Id. Therefore, a defendant may assert insufficiency of the evidence under either article 851 or article 821. Article 851, however, is also the procedural device used for asserting that injustice has been done, namely that defendants conviction is against the clear weight of the evidence. In a Jackson review, which addresses the question of sufficiency of the evidence, the reviewing court is not called upon to decide whether it believes the witnesses or whether the conviction is contrary to the weight of the evidence. State v. Mussall, 523 So.2d 1305 (La.1988). As the U.S. Supreme Court stated in Tibbs:
[A] conviction rests upon insufficient evidence when, after viewing the evidence in the light most favorable to the prosecution, no rational fact finder could have found the defendant guilty beyond a reasonable doubt. A reversal based on the weight of the evidence, on the other hand, draws the appellate court into questions of credibility. The “weight of the evidence” refers to “a determination by the trier of fact that a greater amount of credible evidence supports one side of an issue or cause than the other.”
Tibbs, 457 U.S. at 37, 102 S.Ct. at 2216. When a trial judge makes a determination as to the weight of the evidence, under art. 851, the Jackson standard is not used. Rather, the trial judge reviews the evidence as a “thirteenth juror.” As a thirteenth juror, the trial court reweighs the evidence and either agrees or disagrees with the jury’s resolution of the evidence. This has been held to be the proper standard the trial judge should use to determine whether the defendant is entitled to a new trial. Landry, 524 So.2d 1261; See also State v. Korman, 439 So.2d 1099 (La.App. 1 Cir.1983) and Justice Lemon’s concurrence in State v. Allen, 440 So.2d at 1335. Since the trial judge assesses the weight of the evidence as a thirteenth juror, and not under | ipthe Jackson standard, a reversal of the conviction does not mandate acquittal, and the defendant may be retried.
*1362 Since the motion for a new trial is still recognized as a proper procedural vehicle to assert insufficiency of the evidence, this court, in Landry, held that such a motion must be reviewed under both the thirteenth juror standard and the Jackson standard. Landry, 524 So.2d 1261. This dual determination was held to be necessary to insure that a defendant’s assertions of insufficiency, as well as the motion for a new trial, be properly considered. Id. Furthermore, while defendant moved for a new trial based on insufficiency of the evidence, his argument focuses primarily on the weight afforded to the evidence. We agree with our prior holdings and find that a dual determination is needed in eases of this type.
In the case sub judice, however, the trial judge did not specifically mention the standard used to determine the merits of the defendant’s motion. The trial judge’s failure to specify the standard under which defendant’s motion was evaluated does not estop this court from reviewing its determination, however. In the absence of any evidence to the contrary, we will assume for the purposes of this review that the trial court properly applied both standards in its determination. State v. Washington, 92-556 (La.App. 3 Cir. 2/3/94), 614 So.2d 242.
Under the Jackson standard, the evidence must be viewed in a light most favorable to the prosecution. At trial, the state presented testimony from Pamela Smothers. Smothers testified that she saw defendant stab Bruno. The state also presented testimony from Scotty Alfred, who was with Smothers at the time Bruno was stabbed. Alfred testified that he saw the stabbing, but that he did not see who the assailant was. In addition, the jury heard the testimony of two police officers who stopped defendant for a traffic violation some time after Bruno’s stabbing. The officers testified that defendant had threatened one of them and stated “You don’t know who you’re messing with. I’m going to kill you, your wife, your kid’s, just like I did that bitch in Lafayette.” The trial court further admitted into evidence an audio tape containing this statement.
Defendant’s assertion that this evidence was insufficient rests primarily on two grounds. First, he asserts that evidence presented by the defense was sufficient to raise a reasonable doubt in the jury’s mind, and second, he asserts the credibility of the state’s witnesses is so low that a reasonable doubt existed. In support of these | nassertions, defendant submits that testimony by Robert Williamson and Rosella Hopkins was sufficient to raise a reasonable doubt in any rational jury’s mind. Williamson, a neighbor of defendant, testified that he had seen defendant pass out on his front yard the night of the stabbing. Hopkins testified that Smothers had told her that it was actually Scotty Alfred who committed the murder and not defendant.
In order for the state to obtain a conviction, it must prove the elements of the crime beyond a reasonable doubt. Defendant was convicted of second degree murder. La.R.S. 14:30.0 provides in pertinent part:
A. Second degree murder is the killing of a human being:
(1) When the offender has a specific intent to kill or to inflict great bodily harm.
Medical testimony was introduced that Bruno had died as a result of a stab wound. Smothers testified that she saw the defendant stab Bruno. Testimony regarding, and an audio tape of, defendant’s statements to police admitting to killing a woman in Lafayette were admitted. Defendant’s argument, that this evidence is insufficient to support a verdict of guilty, relies primarily on his assertion that testimony by the state’s witnesses is suspect due to their prior criminal records. This argument, however, is one which speaks more properly to the weight of the evidence, not its sufficiency. While there was rebuttal testimony offered by defendant, we cannot say that it was so compelling as to render the state’s evidence insufficient. We cannot say that, under the Jackson standard, the evidence was insufficient to support the determination that no rational fact finder could have voted to convict the defendant.
While we have found the evidence sufficient to support a conviction, we must now evaluate the trial court’s denial of a new trial under the thirteenth juror stan *1363 dard. This standard is especially appropriate in a case such as the one sub judice, where the evidence and arguments asserted by defendant are based more on evidentiary weight than sufficiency of the evidence. A reversal on this ground, unlike a reversal based on insufficient evidence, does not mean that acquittal was the only proper verdict. Tibbs, 457 U.S. at 42, 102 S.Ct. at 2218. A reversal based on the weight of the evidence, moreover, can occur only after the state both has presented sufficient evidence to support conviction and has persuaded the jury to convict. Id. In the |i2present case, both requirements have been met. We have found that there was sufficient evidence to convict, and the jury returned a verdict of guilty. That the requirements have been met, however, simply means that the trial court must apply the thirteenth juror standard in assessing the defendant’s motion. A determination based upon that standard must still be made. In denying defendant’s motion for a new trial, the trial court determined that the weight of the evidence, when viewed as a thirteenth juror, was sufficient to sustain a guilty verdict. Since the trial judge acted as a thirteenth juror, his determination was one of fact, not law. As such, the defendant asks that this court evaluate the credibility of the witnesses and overturn the trial court’s factual determinations. This we cannot do. Unlike determinations made under the Jackson standard, neither the appellate nor supervisory jurisdiction courts in Louisiana may be invoked to review the granting or refusal to grant a new trial, except for error of law. La.C.Code Crim.P. art. 858. Therefore, a denial of a motion for a new trial on the ground that the verdict is contrary to the law and evidence is reviewable only for abuse of discretion. State v. Robinson, 490 So.2d 501 (La.App. 4 Cir.1986); State v. Griffon, 448 So.2d 1287 (La.1984). Since we find no abuse of discretion, and are precluded from reviewing the trial court’s determinations as to the weight of the evidence presented, we find that this assertion of error has no merit.
Finally, defendant asserts that the trial court erred in not instructing the jury that mitigating circumstances resulting in a finding of manslaughter need only be proved by a preponderance of the evidence.
However, if no objection is made to any alleged flaws in the proposed interrogatories before the jury retires, any objection is considered waived. La.Code Civ.P. arts. 1812 & 1793; Sampson v. Lemoine, 94-1568 (La.App. 3 Cir. 6/30/95), 657 So.2d 181. No objection to the jury instructions was offered by the defense. We therefore find this argument to be without merit.
CONCLUSION
For the above reasons, the judgment of the trial court is affirmed, with costs to the defendant.
AFFIRMED.